E. A. ROBERTSON V. ZIPPORAH E. MELASKY ET AL.

No. 7307.

| 84 | 559 |
| 90 | 655 |

**Refusal by Party to Suit to Answer Interrogatories.**—Article 2243, Revised Statutes, prescribes, that "if the party interrogated refuse to answer, the officer executing the commission shall certify such refusal, and any interrogatory which the party refuses to answer, or to which he answers evasively, shall be taken as confessed." We do not think that this statute under a fair interpretation contemplates an immediate compliance, on pain of being recusant. The request that he have time to consult his attorney, with an offer the next day to answer, followed by a willingness to answer upon the trial, were reasons which required that the certificate of the officer of refusal should have been set aside, as well as the order taking the interrogatories as confessed.

APPEAL from Williamson.   Tried below before Hon. W. M. KEY. No statement is necessary.

*Makemson & Price*, for appellant.—1. The court erred in permitting plaintiffs to read as evidence interrogatories 1, 2, 3, 4, and 5 as confessed, as defendant was in court and offered to answer all said interrogatories from 1 to 34 inclusive.   There were only five interrogatories pertinent to the issue involved.   Defendant did not willfully refuse to answer, but only demanded time, which should have been given him by said notary.   Bounds v. Little, 75 Texas, 319; Railway v. Reason, 61 Texas, 613.

2. The defendant was a competent witness, and the court erred in excluding his testimony.   There must be a deliberate, willful, and absolute refusal to answer interrogatories before the court would be justified in excluding the testimony of defendant.   Rev. Stats., art. 2246; Bounds v. Little, 75 Texas, 319.

*Peeler & Peeler*, for appellees.—1. The only question presented in this case of any importance is, whether a defendant in this State has the right to first consult with his attorneys in regard to telling the truth before answering interrogatories propounded to him by the plaintiff under our statute.   There is a great difference between this case and the one relied upon by appellant for a reversal—Bounds v. Little, 75 Texas, 319.

2. The evidence desired, and which the interrogatories solicited, was locked up in the bosom of appellant and not his attorneys, and why he refused to answer them unless he could first consult with his attorneys we are unable to answer, and in explanation of which the record is as silent as the grave.   Rev. Stats., art. 2243; Friend v. Miller, 62 Texas, 178; Parker v. Chancellor, 73 Texas, 475.

TARLTON, JUDGE, *Section B.*—Appellee Zipporah E. Melasky, joined by her husband Harris Melasky, on February 12, 1889, insti-

tuted this action of trespass to try title, in the District Court of Williamson County, to recover of E. A. Robertson, appellant, 7$\frac{81}{100}$ acres of land.

The record indicates, that the plaintiff Zipporah Melasky, who claimed the property in her separate right, and the defendant Robertson rely upon a common source of title, the chain thereof being as follows:

On the part of the plaintiff: 1. Power of attorney from W. A. Bacon to Otis T. Bacon. 2. Deed from W. A. Bacon, through his attorney in fact Otis T. Bacon, to Zipporah E. Melasky.

On the part of the defendant: The foregoing two instruments; and, 3. A sheriff's deed, dated October 2, 1888, properly supported by judgment, dated March 9, 1888, with execution and levy, against Harris Melasky, the husband of Zipporah.

·The deed to Mrs. Zipporah Melasky, dated June 13, 1882, and recorded July 4, 1882, contains no recital indicating that it was intended for her separate use and benefit. It is contended for her, that her husband Harris Melasky, while entirely solvent, paid the purchase money for her to Bacon, thus, in accordance with his intention, making a gift of the land to his wife, and that defendant Robertson purchased with full notice of her separate claim.

It is contended for the defendant, that he purchased the land as the community property of Harris and Zipporah Melasky, for a valuable consideration, and without notice of the separate claim of the wife.

Judgment was rendered for the wife, and Robertson prosecutes this appeal.

For the purpose of proving notice on the part of appellant of the claim of Mrs. Melasky, certain leading interrogatories, under article 2243, Revised Statutes, were by her attorneys propounded to the defendant. The latter in these interrogatories was asked, in effect, whether, at the time of his purchase, he did not as a fact know that the land in controversy was the separate property of Mrs. Melasky—that it had been given to her by her husband.

In the statement of facts it is recited, that the defendant refused to answer the interrogatories, and that "the officer executing the commission certified to such refusal as is required by article 2243 of the Revised Statutes." Elsewhere in the statement is inserted the certificate itself of the officer, in which it is recited, that the defendant "declared he would not answer the interrogatories until he could have time to consult his lawyer in the case; whereupon he was told that time could not be given him to consult his lawyer, and that he must answer or refuse to answer then and there;" and having refused to answer, a certificate to that fact is accordingly made.

On the trial, and in proper time, the defendant filed a written motion to suppress these interrogatories, on the ground that he "did not

refuse to answer the interrogatories, but only declined to answer them until he had time to consult his attorney in the case." This motion was overruled, and the interrogatories were read as evidence to the court. This action of the court is assigned as error.

The defendant was offered as a witness on the trial. The questions included in the interrogatories were put to him. Objection was made to his testifying thereto, because of his refusal to answer the interrogatories. The court heard his testimony, which was, in effect, that at the time of his purchase he had no notice of Mrs. Melasky's claim, reserving, however, its decision on the admissibility of the evidence until final judgment. It appears elsewhere from a bill of exception, that the court excluded this testimony from its consideration.

With reference to the interrogatories the defendant stated, that "as soon as he received notice from the notary to answer the interrogatories, he told the notary he wanted time to consult his lawyer; that the notary refused to allow him time; that he immediately wrote to his attorneys, who lived about twenty miles distant, and early the next morning they telegraphed him to answer; he then at once went to the notary and offered to answer the interrogatories, when the notary told him it was too late; that he had returned the interrogatories."

Our statute provides: "If the party interrogated refuse to answer, the officer executing the commission shall certify such refusal; and any interrogatory which the party refuses to answer, or which he answers evasively, shall be taken as confessed." Rev. Stats., art. 2243. We do not think that this statute under a fair interpretation contemplates an *immediate* compliance, on pain of being recusant. The refusal referred to in the statute should have in it an element of willfulness. "If the party has once willfully refused he should be concluded; but we think where there is a reasonable doubt about the question of his refusal the better rule is to give him the benefit of it, and that the interrogatories should not be taken as confessed; provided always, he be willing then to answer." Bounds v. Little, 75 Texas, 319.

The conduct of the defendant did not constitute a refusal within the meaning of the statute, and the court erred in overruling the motion to suppress and in taking the interrogatories "as confessed."

Defendant in the court below urged objections, which he here by assignment of error repeats, to the admissibility in evidence of the power of attorney from W. A. Bacon to Otis T. Bacon, and of the deed under the power of attorney to Zipporah E. Melasky. As the defendant claims under these instruments, he is in no condition to assail them, and we hence refrain from considering the grounds of his objections.

The judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 10, 1892.