## J. H. WOFFORD ET AL V. GEO. F. FARMER.

Decided April 29, 1897.

**1. Charge of Court—Fraud.**

See evidence upon issue of fraudulent sale, held not to present the issue of implied notice of the fraud on the part of the purchaser, though conflicting on the issue of his actual knowledge, under which an instruction imposing upon those asserting fraud the burden of showing that by the use of due diligence the purchaser might have discovered the fraudulent purpose was held not prejudicial to them, because relating to an issue which they had no evidence to sustain. (Pp. 653, 654.)

**2. Evidence—Deposition of Party—Refusal to Answer.**

Under Revised Statutes, art. 2296, consultation with counsel is necessary to a judicious exercise of the right given a party, to whom interrogatories are propounded by his adversary, to state any matter connected with the cause and pertinent to the issue. A refusal to answer without reasonable time for such consultation should not be deemed contumacious, and a certificate thereof, made under such circumstances, should, upon a proper showing, be suppressed. (Pp. 654, 655.)

**3. Same—When Required to Answer by Court.**

Where such certificate was vacated on motion, it was proper for the court, upon timely motion, to then require the interrogatories to be answered, but when the case was called for trial after a resetting, the refusal to grant such motion was in the discretion of the trial court. (P. 655.)

ERROR to Court of Civil Appeals, Fifth District, in an appeal from Henderson County.

The suit was brought by Farmer against Wofford et al., and plaintiff had judgment, which, upon defendant's appeal, was affirmed by the Court of Civil Appeals. Appellants thereupon obtained writ of error.

*Bishop, Eustace & McDonald* and *Marsh & McIlwaine,* for plaintiffs in error.—Appellee having failed to answer the interrogatories when requested so to do by the notary, the court should have taken the interrogatories as confessed. Rev. Stats., art. 2243; Parker v. Chancellor, 73 Texas, 475.

Even though the court did not err, under the circumstances, in sustaining the motion of appellee to quash the interrogatories and notary's certificate, yet appellee should have been required to answer the interrogatories as demanded by appellants, and it was error for the court not to require him to do so. Bounds v. Little, 75 Texas, 316; Robertson v. Melasky, 84 Texas, 559.

Where the purchaser of property from a failing debtor shows that he gave value for the property, the burden of proof is then on the creditor of the vendor seeking to have the transfer set aside to show that the vendee had actual knowledge of the fraud on the part of the vendor, or had knowledge of facts and circumstances sufficient to put a reasonably prudent person upon inquiry. When this is shown it devolves upon the vendee to show that he used reasonable diligence to ascertain the purpose or intent of the vendor in making the transfer. Railway v. Shirley, 31 S. W. Rep., 391; Ball v. Presidio County, 29 S. W. Rep., 1042.

When appellants had shown that appellee had knowledge of facts and

circumstances sufficient to put a reasonably prudent man upon inquiry as to Harrell's purpose or intent in disposing of the cattle, it was not incumbent upon them to go further and show by a preponderance of the evidence that appellee, by the use of diligence, might have discovered such purpose, and it was error for the court to so charge. The burden of proof was upon appellee to show that he had used reasonable diligence to ascertain the purpose and intent of Harrell in disposing of the property, and it was error for the court to change the burden of proof in this respect.

*W. L. Faulk* and *Richardson & Watkins*, for appellee.—Interrogatories to a party to a suit need not be taken for confessed unless such party wilfully refuses to answer same. Robertson v. Melasky, 84 Texas, 559; Bounds v. Little, 75 Texas, 316; Rushing v. Willis, 28 S. W. Rep., 921; Railway v. Winner, 31 S. W. Rep., 715.

A party to a suit can not, after the case is called for trial and announcement made by plaintiff, stop the proceedings of the court to take an ex parte deposition of his antagonist when plaintiff is there present offering to go on the stand.

When a vendee is shown to have paid value, the opposite party must show that the purchaser had knowledge of the fraud or of such facts as gave reasonable notice thereof, by pursuit of which he might have learned the truth.

It is never required of the purchaser to assume the burden of the proof and establish by a preponderance of evidence that he had used due diligence, but it is the burden of the party attacking the sale to make it appear that the vendee had notice of the fraudulent intent or of such facts as by the use of due diligence would have led to such discovery.

It is not enough that a party has some intimation of facts which constitute fraud, but such facts must be shown by the attacking party to be of such nature and quality as that, by the use of due diligence, the vendee would have been able to learn the fraud. Rev. Stats., art. 2465; Railway v. Shirly, 31 S. W. Rep., 291; Dodd v. Gaines, 82 Texas, 429; Tillman v. Heller, 78 Texas, 601.

GAINES, CHIEF JUSTICE.—The defendant in error brought this suit against the plaintiffs in error to recover damages for the seizure of certain cattle levied upon by virtue of two writs of attachment against one Harrell. The defendants in the trial court, the plaintiffs here, were the sheriff and the sureties on his official bond and the attaching creditors. They pleaded "that the cattle seized and levied upon were in fact the property of Harrell, the defendant in the writ of attachment, and that if the same had been transferred by Harrell to Farmer the transfer was made for the purpose and with the intent to defraud the creditors of Harrell, which fraudulent purpose and intent was known by Farmer at the time the transfer was made." The plaintiff obtained a verdict and judgment in the District Court, which judgment upon appeal was affirmed by the Court of Civil Appeals.

We granted this writ for a supposed error in the following instruction given by the trial judge in his charge to the jury: "If, however, he (plaintiff) has shown by a preponderance of the evidence that he paid value for said property, then he is entitled to recover for such cattle, and you will so find, unless defendants have shown by a preponderance of the evidence that at the time said transfer was made by Harrell to plaintiff, plaintiff had knowledge of the fact that Harrell's purpose in making the transfer was to hinder and delay his creditors, or had knowledge of facts and circumstances sufficient to put a reasonably prudent man upon inquiry as to such purpose of Harrell and that by the use of due diligence he might have discovered such purpose, in which event you will not allow plaintiff any damages for any cattle described in said bill of sale that were sold under said attachment writs." The complaint is that so much of the charge as reads "and that by the use of due diligence he might have discovered such purpose" imposed an undue burden upon the defendants. We are now of the opinion, that the error in the charge, if error it was, did not prejudice the defendants and that therefore it is not a ground for a reversal of the judgment.

The appellants, in the brief in the Court of Civil Appeals, in stating the facts proved upon the trial, say that "the evidence as to appellees' knowledge of the fraudulent purpose of Harrell in disposing of the cattle was conflicting." The brief of the appellee, while expressly admitting the correctness of the statement in appellants' brief in other particulars, asserts that "there was no proof showing that Farmer had any notice whatever of the intention of Harrell to place his property beyond the reach of his creditors." A careful reading of the testimony satisfies us that this statement is correct. A brief outline of the facts proved upon the trial and of the testimony which tended to establish other facts in issue, will, we think, make this clear.

Harrell was carrying on a small mercantile business and had a small stock of cattle. At the time of the sale in question he was insolvent, but there is nothing to show that this fact was then known to any one, except himself. He sold out his stock of goods, but not until two or three weeks after the sale of the cattle. He testified that when the negotiations were pending between himself and the plaintiff, which resulted in the sale of the cattle, he told plaintiff that he wished to sell because he could not spare the time from his mercantile business to attend to them. Both he and plaintiff testified that when the trade was closed the plaintiff paid him $1200, the price agreed upon. A bill of sale stating that consideration was introduced in evidence. An important question in the case was, where did the plaintiff get the money which was paid for the cattle, if in fact the sum mentioned was paid? He was a poor man, and, though single, had a mother and a part of the time a half sister to support. He had a small farm, and for some years previous to the transaction in question had earned in addition to his earnings from that source some $400 a year by attending to cattle for others. He had also done some business in buying cattle and selling them to butchers. He claimed that he had

accumulated the money and had kept it buried at home. On the other hand, defendant Wofford, the sheriff who made the levy, testified that the plaintiff told him that he got the money to pay for the cattle from one Adams, for whom he had been working. Another witness also testified that just before the levy the plaintiff stated to him that he got the money from Carter and Matthews, a firm of butchers at Tyler, with whom he had been dealing. The plaintiff in his testimony denied making either statement. Harrell testified unequivocally that he sold the cattle for the purpose of delaying his creditors; but, outside of the evidence which tended to cast suspicion upon the whole transaction, it does not appear that any testimony was adduced which was calculated to show that the plaintiff had knowledge of that intent or of any fact which should have put him upon inquiry in reference thereto. The evidence was probably sufficient to support the theory that the transaction was not real, but a mere fraudulent scheme participated in by both parties to it for the purpose of defrauding Harrell's creditors. It may have been sufficient to have warranted the jury in concluding that the money which was passed at the time the bill of sale was executed, if any did pass, was supplied by Harrell himself, or that it was procured from some other source, which the plaintiff was not willing to disclose. Had the jury believed that the money which was ostensibly paid was not the plaintiff's, they might well have concluded, not only that he knew of the fraudulent intent, but that he was an active participant in the fraud. But if they believed that he paid value for the cattle in his own money, then, as we have said, there was no fact in evidence from which notice of the intent, either actual or constructive, could be inferred. By the charge complained of the jury were distinctly told that, although the plaintiff may have paid value for the cattle, yet if he knew of the fraudulent intent of Harrell, he could not recover. This submitted the issue as to notice to plaintiff of the intent of Harrell. There being no evidence to warrant an instruction as to implied notice, if there was error in so much of the charge as related to that matter, it was harmless as to the defendants. The issue not having been made by the testimony, its submission was calculated rather to operate to the prejudice of the plaintiff, but of that defendants cannot complain.

We are also of the opinion that the Court of Civil Appeals reached the correct result upon the other questions raised by the assignments in the case. It is complained that the court erred in sustaining the plaintiff's motion to vacate a certificate that he had refused to answer certain interrogatories propounded, under the statute, to him by the defendants. It was shown that the notary who made the certificate approached the defendant without having given him any previous notice of his purpose to take his deposition and demanded that he should answer the interrogatories, and that the plaintiff refused to answer, assigning as a reason that he wished to see his attorneys and that it was necessary that he should examine some papers before giving his answers. The court vacated the certificate, and we think this was proper. The statute gives a party to whom interrogatories are propounded by his adversary the right "in an-

swer to the questions propounded, to state any matter connected with the cause and pertinent to the issue to be tried." (Rev. Stats., art. 2296.) Consultation with his counsel is necessary to a judicious exercise of this right. The privilege given by the statute to a party to a suit to propound interrogatories to the opposite party for the purpose of discovering evidence is an important one; but in our opinion was not given for the purpose of entrapping his adversary, and hence the latter should not be denied the right of consultation with his attorney. A refusal to answer without giving a reasonable time for such consultation should not be deemed contumacious, and a certificate made under such circumstances should, upon a proper motion supported by proof of the facts, be suppressed. Bounds v. Little, 75 Texas, 316; Robertson v. Melasky, 84 Texas, 559.

It appears that the motion to vacate the certificate in this case had been placed on file seventeen days before the cause was set for trial; that the certificate was suppressed at 10 o'clock on the morning of that day; that the counsel for defendant, without moving the court to require the interrogatories to be answered, requested a postponement of the trial until half past one o'clock in the afternoon, and that the request was granted. When the case was called at the latter hour, motion was made that the plaintiff be then required to answer the questions, which the court declined to grant. If the motion had been made upon the vacation of the certificate, we think it should have been allowed. But we think that the granting of the subsequent request, after the case was called again upon the setting for the afternoon, was a matter within the discretion of the court, and that therefore it was not error to refuse it at that time.

Finding no error in the rulings of the court as pointed out in the assignments, the judgments of the trial court and of the Court of Civil Appeals are affirmed.

*Affirmed.*