JOHN A. DONALDSON v. J. H. DOBBS ET AL.

Decided April 13, 1904.

**1.—Interrogatories to Party—Refusal to Answer.**

Where the refusal of a party to the suit to answer interrogatories propounded by his adversary is made under a belief that he was entitled to demand witness fees and followed by timely offer to answer on learning better, it should not be treated as an admission.

**2.—Hearsay.**

Evidence excluded as hearsay and self-serving declarations.

**3.—Evidence—Impeachment.**

Proof that a party, testifying in the case, had been, in various church trials, charged with and found guilty of unministerial conduct, embezzlement, slander, and false swearing, was not admissible.

**4.—Restricting Number of Witnesses.**

It is within the discretion of the court to limit the number of witnesses to a given point, and his action in refusing to permit more than six impeaching witnesses was not ground for reversal unless there was something else to show abuse of his discretion.

Appeal from the District Court of Grayson. Tried below before Hon. J. M. Pearson.

*J. W. Finley,* for appellant.

*S. B. Cox* and *Don A. Bliss,* for appellees.

EIDSON, ASSOCIATE JUSTICE.—This was an action brought by the appellant against appellees to recover the sum of $400, alleged to be the amount of the purchase money for a certain lot in the city of Sherman, claimed to have been sold by appellant to appellees, and for the foreclosure of his vendor's lien upon said lot. Appellees answered by general demurrer and general denial. The case was submitted to the court without a jury, and judgment rendered against appellant and for the costs of suit.

The first assignment of error complains of the action of the court below in sustaining the motion of appellees to vacate the notary's certificate to the ex parte interrogatories propounded to appellees, and in not allowing appellant to read said interrogatories as confessed in evidence on the trial. It appears from the motion of appellees filed in the court below to vacate said certificate, that their refusal to answer said interrogatories was based upon their belief in good faith that they were entitled to witness fees before they could legally be required to answer said interrogatories; and that the day after the notary called on them to answer said interrogatories they offered to answer them, but the notary had in the meantime returned the interrogatories to the clerk of the court. And it further appears that appellees again offered to answer said interrogatories before the trial began and before they or their attorneys had ever seen such interrogatories.

We think that it does not appear that the refusal upon the part of

appellees to answer said interrogatories when they were called upon to do so was willful or contumacious; and 'therefore the court below did not err in vacating said certificates. Bounds v. Little, 75 Texas, 316; Robertson v. Melasky, 84 Texas, 559; Wofford v. Farmer, 90 Texas, 655; Texas & P. Ry. Co. v. Winder, 31 S. W. Rep., 715; Rushing v. Willis, 28 S. W. Rep., 921.

It appears from appellant's bill of exceptions number 2 that appellant offered to prove by the deposition of J. S. Means that in December, 1901, the said Means had a talk with appellant in which he, appellant, stated to witness that he expected to sell the two lots to the pastor of his church, appellee herein, for $200 per lot, and asked witness if he would release the lots to him, and the best of witness' recollection was that he wrote witness about it in another letter not attached to the cross-interrogatories, and that it was the understanding of witness that appellee was to pay $200 per lot, and that the court, on objection by appellees, excluded such testimony.

It appears very clearly that said testimony was hearsay and self-serving; and therefore the court properly excluded same.

The appellant offered to prove by appellee J. H. Dobbs that prior to his coming to Sherman he had lived in Butler and Chillicothe, Mo., and Palestine, Texas; that at each of those places he had trouble with his church and was charged with unministerial conduct; that at Chillicothe he was charged with embezzlement; that he was charged with slander at Palestine, and that he was charged at Sherman with false swearing; that he was tried on said charges at said several places by his churches, and that he was found guilty on all of said charges.

The court on objection by the attorneys of appellees, refused to admit in evidence this testimony, to which action of the court the appellant reserved his bill of exceptions number 3. It appears to be well settled that in civil cases this character of testimony is inadmissible. Missouri K. & T. Ry. Co. v. DeBord, 21 Texas Civ. App., 691, 53 S. W. Rep., 593; Crawleigh v. Galveston H. & S. A. Ry. Co., 28 Texas Civ. App., 395, 67 S. W. Rep., 142; Gulf C. & S. F. Ry. Co. v. Johnson, 83 Texas, 633; Hill v. Dons, 37 S. W. Rep., 638; Freedman v. Bonner, 40 S. W. Rep., 47; Kruger v. Spachek, 22 Texas Civ. App., 307, 54 S. W. Rep., 295.

The appellant in his fourth assignment of error complains of the action of the court below in restricting the number of impeaching witnesses to six, and in refusing to allow appellant to examine Andrews and the other impeaching witnesses tendered by him.

This is a matter that is entirely within the discretion of the court trying the case, and unless there is something to show that this discretion has been abused, this court is not authorized to revise the action of the trial court. There is nothing in the record to show any abuse of such discretion; and we therefore hold that the action of the court in the respect mentioned was not error.

The other assignments of error relate to the sufficiency of the testimony to support the judgment of the court. We are of opinion that it appears from the record that the testimony is sufficient to sustain such judgment, and said assignments of error are all overruled.

Finding no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused June 9, 1904.