E. J. Conn, of Lufkin, and Adams & McAlister, of Nacogdoches, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Appellant was indicted for the murder of Charlie Morris. Being refused bail, he sued out a writ of habeas corpus before the district court of Angelina county; and said court, after hearing evidence, remanded relator without bail, from which judgment he appeals to this court.

Without analyzing the testimony, suffice it to say that the state's evidence on the hearing made out a case which fully supported the action of the trial court in refusing bail. Appellant introduced his father and sister, who testified to circumstances raising the issue of self-defense. His father was impeached by proof of contradictory statements to the justice of the peace. All the testimony for appellant comes from interested parties.

It has been said: "Because there may be evidence in the record of mitigating circumstances, or raising the issue of self-defense, or of an accidental killing does not in every case require overturning of the decision of a trial judge denying bail. Ex parte Ross, 94 Tex. Cr. R. 313, 251 S. W. 235; Ex parte Good, 94 Tex. Cr. R. 326, 251 S. W. 233; Ex parte Jones, 31 Tex. Cr. R. 422, 20 S. W. 983; Ex parte Smith, 23 Tex. App. 100, 5 S. W. 99; Ex parte Hanks, 97 Tex. Cr. R. 387, 261 S. W. 1027. The source of the evidence may be considered in determining whether the denial of bail was erroneous." Ex parte Polk, 99 Tex. Cr. R. 106, 268 S. W. 464. Ex parte Kyle, 109 Tex. Cr. R. 19, 2 S. W. (2d) 451.

We forego any discussion of or expression of opinion as to the evidence for reasons that are obvious.

Believing that the proper judgment was entered by said district court, the same is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### DENNIS v. KNOX. (No. 1841.)

Court of Civil Appeals of Texas. Beaumont. May 31, 1929.

Seale & Denman, of Nacogdoches, for appellant.

Adams & McAlister, of Nacogdoches, for appellee.

HIGHTOWER, C. J. This suit was filed in the district court of Nacogdoches county by the appellee, Knox, against the appellant, Dennis, to recover the value of certain timber, which appellee alleged he owned on a certain 110-acre tract of land, in Nacogdoches county, consisting of pine, ash, oak, mulberry, and sassafras, and that in January, 1926, appellant, without appellee's consent, entered upon the tract of land and cut and removed therefrom the timber, the value of which is involved, amounting, in the aggregate (manufactured value) to $645. Appellee alleged that appellant willfully or with gross negligence cut and removed the timber, knowing at the time he did so that the timber was not his own, and that therefore appellee was entitled to recover the value of the timber in its manufactured state, and so prayed.

Appellant answered by general demurrer and general denial. Afterwards appellant filed his amended original answer, in which he interposed general demurrer, a special exception, neither of which is before us, a general denial, and averred specially that since this suit was filed and after he had filed his original answer he had caused a survey to be made by which it was ascertained that he had, in fact, cut and removed from the 110-acre tract of land belonging to appellee 2,500 feet of timber of the stumpage, market value of $2 per thousand feet, but that, at the time he cut and removed the timber, he did so under the mistaken idea that it was his own timber and growing on an adjoining 110-acre tract owned by him, and that, having cut the 2,500 feet of timber by mistake and under the honest belief that it was his own timber, he was not liable to appellee for the manufactured value of the timber, but only for the market stumpage value, which he alleged was $2 per thousand feet, and admitted in his amended answer that appellee was entitle to recover against him the stumpage value of the 2,500 feet of timber, but no more. Appellant further alleged, by way of cross-action, that appellee had cut and removed from the 110-acre tract owned by appellant, and adjoining that of appellee, 10 pine trees, aggregating 1,000 feet of timber, the market stumpage value of which was $2 per thousand feet, and he prayed that whatever amount appellee might recover against him be offset by the value of the timber that appellee had cut from his (appellant's) tract of land.

The case was tried with a jury and submitted upon special issues, in answer to which the jury found:

(1) That appellant had cut and removed from appellee's land 9,443 feet of pine timber; 1,318 feet of ash timber.

(2) That the stumpage value of the pine timber was $5 per thousand feet; that the stumpage value of the ash timber was $10 per thousand feet.

(3) That, at the time appellant cut and removed the timber from the land, he knew that the timber did not belong to him.

Upon the verdict as returned, judgment was entered in favor of appellee for $181.18, with 6 per cent. interest from the date of the judgment, and, appellant's motion for a new trial having been overruled, this appeal was duly prosecuted.

Upon the trial of the case, and while appellant was a witness on the stand in his own behalf, he was asked by counsel for appellee if it was not a fact that he had, prior to this suit, been sued and judgment rendered against him in the suit for cutting timber on other men's land. The question and the answer sought were objected to by counsel for appellant, on the grounds, substantially, that such testimony would be wholly immaterial and irrelevant to any issue in this case, and involved another and different transaction from that in this case, and would be prejudicial to appellant, which objection was overruled, and appellant was forced to answer that he had been sued prior to this suit for cutting timber on another man's land and that judgment was rendered against him. The bill of exceptions in this connection fails to disclose how this evidence could throw any light upon or be material to the issue of good faith or honest belief on appellant's part in cutting the timber of appellee in this case. The bill shows upon its face an entirely different transaction, and failing to show how it could be material and relevant in this case, we are compelled to sustain the assignment in-

volving this question, and hold that it was reversible error to admit the evidence. Donaldson v. Dobbs et al., 35 Tex. Civ. App. 439, 80 S. W. 1084, and authorities there cited; L. B. Price Mercantile Co. v. Moore (Tex. Civ. App.) 263 S. W. 657, and authorities there cited; Dallas Hotel Co. v. Richardson (Tex. Civ. App.) 276 S. W. 765, and authorities there cited.

Special issue No. 2, submitted to the jury, was as follows: "Did the defendant cut the timber knowing at the time that it did not belong to him? You will answer this question 'Yes' or 'No,' as you find the facts to be." ■■ In connection with this special issue, the court instructed the jury as follows: "The burden is upon the defendant to negative by a preponderance of the evidence issue No. 2."

Appellant duly objected to this instruction in connection with issue No. 2, in that it placed the burden upon him to establish by a preponderance of the evidence his contention, made both by his pleading and his evidence, that, at the time he cut the timber in question, he did not know that it belonged to appellee, but honestly believed that it belonged to himself. In order to a recovery by him of that value, it was necessary for him to plead and prove that appellant either knowingly or negligently cut the timber. Otherwise, he would only have been entitled to recover the stumpage value of the timber. This much is conceded by learned counsel for appellee, but counsel for appellee contends that, since it was admitted by appellant in his answer in this case that he had cut and removed some timber from appellee's land, the burden was then upon him to prove that in cutting the timber he acted in good faith and under the honest belief that the timber was his own. We cannot agree with this contention made by counsel for appellee, nor does he cite any authority in his brief to sustain him, and we know of no authority sustaining such contention. We therefore sustain appellant's assignment challenging the action of the court in placing the burden of proof upon appellant to establish the fact that, in cutting appellee's timber, he acted in good faith, failing in which he was liable for the manufactured value of the timber. This error is reversible error in this case, because the issue was sharply drawn as to whether or not appellant honestly believed the timber was on his own tract of land at the time he cut and removed it.

Appellant, by proper assignment, further contends that appellee was not entitled to recover the manufactured value of the timber cut and removed by appellant, for the reason that there was no evidence adduced upon the trial showing that the timber was ever manufactured. We overrule this contention because we think that the evidence was suffi-

cient to show circumstantially that the timber that was cut and removed by appellant from appellee's land was in fact manufactured into lumber at a nearby mill.

■ Appellant further contends that the trial court was in error in refusing to submit to the jury a special issue calling for an answer as to whether appellee cut and removed timber from appellant's adjoining tract of land, as pleaded by him, and the quantity thereof. We overrule this contention, for the reason that there is a complete lack of evidence showing or tending to show that appellee cut or removed any timber from appellant's tract of land, as claimed in his answer and cross-action.

It follows from the above conclusions that the judgment in this case must be reversed, and the cause remanded, which has been our order.