### Daniel A. Conner v. R. Autrey and Another.

That the note sued on (with a scrawl after the signature of the defendant and the word " seal " written therein,) was a " note in writing, under the seal of the party charged therewith," and that the plea impeaching its consideration must have been supported by affidavit, is not an open question.

Where the petition called the instrument sued on, a promissory note, but alleged that it was signed " R. Autrey, [seal]" the name of the defendant, it was held that there was sufficient allegation that the note was under seal, and that the defendant was not excused from filing an affidavit in support of his plea impeaching the consideration.

Where, in a suit on a note in writing under seal of the defendant, the defend-
ant filed a plea impeaching the consideration, to which the plaintiff excepted
on the ground that the plea was not supported by affidavit, and the exception
was overruled, the defendant, on error by the plaintiff, attempted to sustain
the judgment on the ground that it was fully proved at the trial that the
consideration was illegal and void; but the Court said that admitting that
it was so proved, still the error was such as to require the reversal of the
judgment.

Error from Colorado.  Tried below before the Hon. Nelson
H. Munger.

Suit by Daniel A. Conner, plaintiff in error, against R.
Autrey and the executor of W. H. Secrist, defendants in
error, on a note for $1000. The petition called the instrument
sued on a promissory note, but alleged that it was signed " R.
Autrey, (seal) W. H. Secrist, (seal.)" The defendants pleaded,
not under oath, that the note was given for money won at
cards at a public place.  To this plea the plaintiff excepted
specially, on the ground that the instrument sued on was a
note in writing under the seals of the parties charged there-
with, and that the plea of illegal. consideration and failure of
consideration, was not supported by affidavit, as required by
the Statute.  This exception was overruled.  At the trial, it
appeared that the money was won at cards, at the dwelling
house or sleeping room of a party named ; but it was not clear
that the place was not one of common resort for gambling,
and it was clearly proved that several persons, not engaged in
the game, were present at the time of the playing.  Verdict
and judgment for defendants.

*J. H. Robson* for plaintiff in error, cited English v. Helms,
4 Tex. R. 228 ; Clopton v. Pridgen, 8 Id. 308.

*G. W. Smith,* for defendants in error.  Though the Statute
does not by express provision declare that money won at cards

shall not be collected, still it is believed to be well settled that money won at games prohibited by law, cannot be enforced.

The case of Vannoy v. Patton, 5 B. Mon. 248, appears to recognize this doctrine to its full extent. (Story on Prom. Notes, Sec. 189.)

It is contended by many that all gaming is contrary to sound morals and public policy, and that the consideration of a contract won at any such game would be illegal and present a valid defence to the enforcement of the contract.

Wagers on horse races have been enforced by law, but with much hesitation on the part of the Courts, on the ground that they afford an innocent amusement and will tend to improve the breed of horses, and thereby promote the interest of the people at large. Gambling at cards is not attended with any of these results, but is the fruitful parent of idleness, dissipation and most of the vices. (Turner v. Peacock, 2 Dev. 303 ; Shepherd v. Sawyer, 2 Murphy, R. 26 ; 6 Wharton, 179 ; 16 Ohio, 54; 6 N. Hamp. 104 ; 1 Strobhart, 82.)

The note or a copy of it was not appended to the petition. It is described as a promissory note, and in no place has the plaintiff declared on it as a deed, specialty or sealed instrument, and unless it had been set out or charged as being a sealed instrument, the plea impeaching the consideration need not be sworn to.

It is quite apparent that the Justice of the cause has been attained, and this Court will not feel at liberty to disturb it for mere technical objections which, if obviated, would not, most probably, produce a different result.

WHEELER, J. That the note sued on was a " note in writing, under the seal of the party charged therewith ;" and that the plea impeaching the consideration must have been supported by affidavit, is not an open question." (Hart. Dig. Art. 710 ; Clopton v. Pridgen, 8 Tex. R. 308 ; English v. Helms, 4 Id. 228.)

But it is insisted for the appellees, that the note was not de-
clared on, or described in the petition, as a sealed note, and
that, for that reason, the Court did not err in overruling the
exceptions to the plea. The Statute declares that, in any suit
founded on any instrument or note in writing, under the seal
of the party charged therewith," the defendant may, by plea,
impeach the consideration, &c. ; " but no plea impeaching the
consideration of any instrument or note in writing, under seal,
shall be admitted, unless supported" by affidavit, &c. (Hart.
Dig. Art. 710.) Although it is not averred in the petition
that the note was under seal, yet the signature and seal are
set out in the petition, so that it appears by the petition that
the suit was founded on a note in writing under seal. The
case, therefore, upon the face of the petition, comes as clearly
within the very letter of the Statute, as if it had been des-
cribed as a sealed note ; or as if the fact of sealing had been
expressly averred. And the Statute is peremptory, that the
plea impeaching the consideration shall not be admitted, un_
less supported by affidavit. The Court therefore erred in over-
ruling the exceptions to the plea.

But it is said this was an immaterial error ; for that it ap-
peared in evidence that the consideration of the note was ille-
gal, or immoral ; that the judgment is therefore right upon the
merits, and the result must be the same upon another trial. It
may be true, nnd we are not disposed to question, that the ver-
dict and judgment were right upon the evidence. The house
in which the playing took place does appear to have been, at
the time, such a place of resort for gaming, as to bring the
playing there within the prohibition of the law, and conse-
quently within the description of unlawful gaming. (Wheelock
v. The State, 15 Tex. R.) If not, still there may be good rea-
son to distinguish the gaming, out of which the consideration
of the note appears to have arisen, from a wager upon a horse
race, and to characterize the contract as upon a consideration
which is immoral. It may therefore appear that the verdict

was right upon the evidence, yet if the Court had not erroneously sustained the plea impeaching the consideration, the evidence must have been excluded ; and, *prima facie*, the plaintiff would have been entitled to recover upon the note. It was the right of the plaintiff to have the evidence excluded, unless the plea had been supported by affidavit ; and that right cannot be denied him.

The result upon another trial may not be the same, unless the defendants shall see proper to amend, by supporting their plea impeaching the consideration of the note by affidavit, as the statute requires.  The effect of the ruling upon the exceptions to the plea was to deprive the plaintiff of a clear legal right affecting the merits of the case.  That cannot be deemed an immaterial error. The judgment must therefore be reversed, and the cause remanded for further proceedings.

Reversed and remanded.