J. P. Levy et al. v. W. H. Lee & Co.

Delivered April 25, 1896.

1. **Fraud—Admissibility of Evidence in Proof of.**

Upon an issue as to whether defendants purchased the goods in controversy from plaintiffs, without any intention to pay for them, but with the intent to defraud plaintiffs, evidence is not admissible to show the general reputation of defendants for dishonest dealings, or to show fraud in other transactions wholly disconnected from that alleged and not embraced in any alleged plan or scheme of fraud.

2. **Replevy Bond—Liability Where Property is Delivered to Receiver.**

Certain personal property was sequestered by plaintiff and was replevied by the defendant in possession, who was a trustee for the benefit of creditors. Afterwards, in another action in the same court, to which plaintiffs were not parties, a receiver of the debtor's property was appointed, and the defendant trustee was ordered to deliver the property to him. Held, that such order did not relieve the defendant or his sureties from liability upon the replevin bond, as the defendant had the right to make the receiver party and have the rights of all the parties determined in the same judgment.

Appeal from Navarro. Tried below before Hon. Rufus Hardy.

*R. S. Neblett* and *McKie & Autry*, for appellants.

FINLEY, Associate Justice.—This suit was instituted by W. H. Lee & Co. originally against J. P. Levy to recover certain specific property, merchandise, or its value. The writ of sequestration was prayed for, and it was issued and the property levied upon while in the possession of J. P. Levy, and Levy replevied the property, giving as his sureties on the replevy bond S. S. Freedman and M. Cohen. At the time the merchandise was seized under the writ of sequestration, it was held by Levy as a trustee, under a trust deed executed by H. Cohen & Co., whereby the property was conveyed to Levy for the benefit of certain creditors of H. Cohen & Co. After the property was replevied, the court in which this suit was pending appointed a receiver to take charge of all the property of H. Cohen & Co. covered by the deed of trust to Levy, and under the order of the court Levy was forced to deliver to the receiver the property here in question. The receiver was appointed in a suit to which W. H. Lee & Co. were not parties. The basis of the claim of W. H. Lee & Co. to the property, as disclosed by the pleadings, is as follows:

1. That they sold the merchandise to H. Cohen & Co. upon the express agreement that they were to be paid for in cash upon delivery, and that they had not been paid for, and therefore no title had passed out of them.

2. That the goods had been obtained from them through false and fraudulent representations of H. Cohen & Co. as to their solvency.

3. That at the time H. Cohen & Co. purchased the goods they did not intend to pay for them, but made the purchase with the purpose and intent to defraud plaintiffs.

4. It is alleged that J. P. Levy was aware of the fraudulent purposes of H. Cohen & Co. and participated with them in the fraud.

Levy, by proper pleadings, controverted these claims of the plaintiffs, and defends his right to possession under the deed of trust. He and his sureties on his replevy bond further claim that they are not liable upon the replevy bond, for the reason that the court had forced him, Levy, to deliver up the property to a receiver appointed by the court, and he was thereby deprived of his statutory right to deliver the property in satisfaction of the bond, etc. Other parties were made defendants merely for the purpose of adjudicating any interest which they might assert in the property. The case was tried and resulted in a verdict and judgment in favor of W. H. Lee & Co. against Levy and his sureties on the replevy bond, S. S. Freedman and M. Cohen, and from this judgment they have appealed.

There are several assignments of error raising questions of practice upon the pleadings, which we deem it unnecessary to discuss, in view of the disposition to be made of the case. It would be proper for us to say, however, that the pleadings do not fully meet the requirements of the rules, and before another trial the parties should be required to re-plead.

The first question of material importance arises upon the admission of testimony. Upon the trial of the case witnesses were permitted to testify, over objection, as to all the details of the purchase by J. D. Stokes of an interest in the business whereby he became a partner in the business of H. Cohen & Co. The details of this purchase from M. Cohen, as testified to, as well as the treatment of Stokes by his partner H. Cohen, which was also detailed by testimony, tended to show that Stokes had been overreached and unfairly treated by M. Cohen and H. Cohen in connection with the business. Witnesses were also permitted to testify in detail as to transactions between the partners and other persons wholly disconnected with this suit, tending to show that such third persons were swindled and defrauded—among them the mother of the partner Stokes. Witnesses were allowed to testify that entries in the books of H. Cohen & Co. had been changed in favor of M. Cohen after they were placed in the hands of the trustee Levy, and before they were turned over to the receiver Damon; that the two partners had been arrested upon complaint that they had embezzled the cotton receipts of their farmer customers, and other matters in relation to the claim of these farmers were testified to by witnesses. There was a mass of testimony of the general character of that outlined admitted before the jury upon the issue of fraud. The dealings of any character and every character of the partners, and each of them, with various persons not interested in or connected with the matter in controversy, were laid before the jury. Did this evidence tend to establish either basis of plaintiff's right to the property in controversy?

The first issue was, that the goods were sold for cash, the money was

not paid and therefore the title did not pass. The evidence did not bear upon this issue.

The second issue was, that the goods were obtained by false representations of solvency and ability to pay for the goods, etc. The evidence was not pertinent to this issue.

The third issue was, that H. Cohen & Co. purchased the goods without any intention to pay for them, but with the intent to defraud plaintiffs, and that J. P. Levy and others, defendants, were parties to the fraud.

It was doubtless upon this issue of a fraudulent purpose in the purchase of the goods that this testimony was admitted. The evidence undoubtedly tended to show that H. Cohen and M. Cohen were bad men and capable of fraudulent transactions; but outside of this disclosure of their bad character, we cannot see that it tended to show that the purchase involved in this controversy was made under the fraudulent circumstances alleged. It did not point to this particular transaction, or throw any certain light upon it. Under an alleged issue of fraud in one transaction, evidence of fraud in another, wholly disconnected from that alleged, and not embraced in an alleged plan or scheme of fraud, is no more admissible to establish the alleged fraud than is a general reputation for dishonest dealing. 1 Whart. Ev., secs. 29, 33.

The evidence was prejudical in a high degree, and the court erred in not restricting the testimony to such as had a legitimate tendency to establish the issues made by the pleadings. Evidence tending to show that the sale was a cash transaction; that false representations, such as are alleged, were made to induce the sale and delivery of the goods; that the purchase was made by H. Cohen & Co. with intention not to pay for the goods, but with the design to defraud the plaintiffs, and that Levy knew of such fraudulent purpose and aided in the fraud, would be pertinent to the issues, and would be admissible. But evidence of other matters and transactions having no connection or bearing with these issues should not have been admitted.

It would be impracticable to discuss the various items of evidence admitted which is of this objectionable character, and it is thought that what has been said will sufficiently indicate our views to the trial court to enable it to avoid such errors upon another trial.

It is urged by appellants Levy and his sureties on the replevy bond, that the action of the court in requiring him, Levy, to turn over the property to the receiver Damon, discharged them from liability upon the bond. In support of this proposition we are cited to cases as holding that where the act of God or the sovereignty destroys the existence of the chattel, liability upon the replevy bond ceases. Porter v. Miller, 7 Texas, 471; Townsend v. Hill, 18 Texas, 427; Pait v. McCutcheon, 43 Texas, 297, and other cases are referred to in support of the contention. It is not necessary to discuss the force of these cases in determining the real question involved, as will presently be made to appear. It is further urged that contracting parties are not held liable

for the result of events which could not have been contemplated or foreseen by the parties to the contract and over which they had no control, and if such events occur rendering compliance impossible, the obligation is discharged. Citing Clark on Contracts (Hornbook Series), 678, 681, 682, and other authorities.

In the present case it does not appear that the property has been destroyed by the act of God or the government; nor does it appear that performance of the obligation contained in the replevy bond has been rendered impossible by an event which could not have been contemplated and over which the obligors had no control. The facts of this case do not come within either of the legal propositions. It appears from the record that the District Court, in a receivership proceeding, to which appellees were not parties, peremptorily ordered that this property should be turned over to the receiver, and that Levy complied with the order. The court that made this order was the same court in which this case was pending. It would not aid the solution of the questions here involved to discuss the validity or propriety of that order. It was within the power and privilege of appellants to bring the receiver and appellees into the same proceeding and have their respective rights to the property adjudicated at the same time and in the same case in which appellants' liability was determined, and they could have avoided the double liability of the appropriation of the goods by the receiver and the recovery of their value by appellees. In such a proceeding, if the court determined that appellees were entitled to recover the goods, it would at the same time order the receiver to restore them, or the proceeds if sold. It was the duty of appellants to take such course, and not the duty of appellees to follow the goods in the hands of the receiver. Appellants had given a replevy bond which stood in the place of the property, so far as appellees were concerned, and they were not required to pursue the property further. If appellants desired to be protected from the assertion of the conflicting claims of appellees and the receiver to the property, they should have made them parties to the same proceedings and procured the holding of the goods or their proceeds by the court until the matter should be determined. It is not a valid defense to this suit for them merely to show that the goods had been taken out of Levy's possession under an order by the court in another case. The receiver was not a necessary party to this suit, as urged by appellants, but he was a proper party for their protection. The only necessary parties were W. H. Lee & Co. and J. P. Levy.

There are other questions presented, which it is not deemed necessary to discuss.

Judgment reversed and cause remanded.

*Reversed and remanded.*