Houston & Texas Central Railroad Company v. John Johnson.

No. 2042.    Decided April 13, 1910.

**1.—Negligence—Charge.**

The submission of an issue of fact not supported by evidence is not error to the prejudice of defendant where the charge complained of does not authorize the finding of negligence by the jury from the establishment of that fact alone but does so only in case they should find other facts which constituted negligence independent of aid from the issue so erroneously submitted. The effect of such charge was only to place an unnecessary burden on the plaintiff. (P. 324).

**2.—Negligence—Sufficiency of Evidence.**

Evidence considered in case of an employee injured in the hoisting of a beam by machinery in construction work and held to support the submission of the issue of negligence proximately causing the injury on the part of the foreman in charge of the work in the manner in which he applied the hoisting power. (P. 324).

**3.—Contributory Negligence—Acting under Direction of Foreman.**

It must be an extreme case in which a subordinate would be held negligent in obeying the command of a superior. Evidence considered and held not to show

negligence on the part of a laborer in tying a rope about a beam, to be hoisted by machinery, at the wrong point upon the beam, the danger therefrom being not so obvious that his act was not justified by the direction of the foreman. (Pp. 324, 325).

**4.—Contributory Negligence—Burden of Proof—Charge.**

An instruction, which, after stating that the burden of proof was on plaintiff "to show by a preponderance of the evidence by which is meant the weight and degree of credible testimony, the facts which will entitle him to recover," adds, "a like burden is on the defendant to establish its plea of contributory negligence of plaintiff," was not erroneous in requiring, by the use of the word "establish," a greater certainty of evidence as to such defense than is required of plaintiff upon the issue of defendant's negligence.   (P. 325).

**5.—Negligence—Charge—Test by Result.**

The charge given by the court having defined the care required as that "which a person of ordinary prudence would exercise under the same or similar circumstances" was sufficient to make the circumstances as they appear to the foreman at the time, the test of his duty.  A requested charge that the circumstances should be so viewed "and not as they may have appeared to one looking back after the accident had happened" was properly refused.  (Pp. 325, 326).

**6.—Evidence—Previous Injury.**

Defendant having proved that plaintiff, suing for personal injuries while in its employ, had received a previous injury while working for another employer, was not entitled to prove also the amount received by plaintiff in compromise in satisfaction therefor; nor could it prove by an attending physician that the injuries so previously received, if such as plaintiff then claimed them to be, would still be in evidence in his present physical condition.  (Pp. 326, 327).

**7.—Same—Fraud.**

On the issue of fraudulent claim by plaintiff as to the extent of the personal injury for which he sought to recover, proof that he had perpetrated a similar fraud on a previous employer was not admissible in the absence of connection between the two acts tending to show that they were instigated with the same intent and purpose; and this does not appear where there is no connection between the two claims.  (P. 327).

**8.—Evidence—Harmless Error.**

Where the charge permitted recovery by plaintiff only upon proof of the negligence of defendant's foreman in the manner in which he applied the power to lift a beam, the movement of which caused the injury, and not to his failure to promptly turn off the power after the dangerous movement of the beam was seen, the rejection of evidence by the foreman that he could not have turned off the power sooner than he did becomes immaterial.  (P. 327).

Error to the Court of Civil Appeals for the Fifth District in an appeal from Grayson County.

Johnson sued the railway company and recovered judgment.  Defendant appealed and on affirmance obtained writ of error.

*Baker, Botts, Parker & Garwood* and *Head, Dillard, Smith & Head,* for plaintiff in error.—The evidence was not sufficient to authorize or sustain a finding that Steele could have shut off the air in time to have prevented the injury to plaintiff after he discovered that the arm or brace would overbalance and probably cause the injury. There being no allegation in plaintiff's pleading of failure on the part of Steele, to exercise ordinary care to discover that the brace or arm would go up and overbalance and probably injure plaintiff,

Vol. CIII Supreme—21.

but the sole allegation on this point being of negligence on the part of Steele, in failing to shut off the air after he actually discovered the danger, it was error for the court to give that part of paragraph five of the general charge, as follows: "Or in the exercise of ordinary care for plaintiff's safety should have discovered that said arm or brace would go up and overbalance and probably injure plaintiff."

The use of the word "establish," in the charge complained of, imposed upon defendant too great a burden, even if the burden to prove plaintiff's contributory negligence was upon it. MacDonell v. International & G. N. Ry. Co., 60 Texas, 595; 3 Words and Phrases, 2471, 2472.

In determining as to whether or not Steele failed to exercise that degree of care that a man of ordinary prudence would have used under the circumstances which then surrounded him, it was necessary that the jury view the facts as they would have appeared to a man of ordinary prudence, under the same circumstances, at the time Steele was called upon to act, and, inasmuch as the undisputed evidence showed that Steele was required to act with great haste, the defendant was entitled, by timely request, to have the jury specially instructed upon this point. Missouri, K. & T. Ry. Co. v. Welch, 100 Texas, 118.

There being no question as to Johnson's thorough acquaintance with the work he was doing, if he tied the rope where it was tied and this was the cause of the accident he could not recover of the defendant, even though his tying the rope at such place was by direction of Foreman Steele. Under such circumstances, Johnson took upon himself the risk. Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 22; Texas & Pac. Ry. Co. v. French, 86 Texas, 98.

One of the most important issues in this case being whether or not plaintiff was attempting to perpetrate a fraud by making his injuries appear more serious than they really were, defendant should have been allowed to prove not only that plaintiff had claimed to receive similar injuries while at work for another railroad for which he had procured a settlement by compromise, but should also have been allowed to go further and show that the amount which he received in such settlement was a large sum, to wit, twenty-five hundred dollars. Butler v. Watkins, 13 Wall., 456; New York Mut. Ins. Co. v. Armstrong, 117 U. S., 599; Rex v. Cooper (Eng.), 3 Cox Cr., 547.

The issue being one of fraud, on the part of plaintiff, in attempting to make his injuries appear more serious than they really were, and it having been shown that he had previously secured a settlement from another railroad for injuries strikingly similar to those asserted in this case, and it having been shown by Dr. Neathery that he had examined plaintiff during the assertion of his previous claim, the defendant should have been allowed to prove that if plaintiff's previous injuries had in reality been as plaintiff claimed them to be, at the time Dr. Neathery so examined him, they would still exist. Lawson on Expert and Opin. Ev., 127, and numerous cognate cases there cited.

The allegation in plaintiff's petition being that Foreman Steele was guilty of negligence in not preventing the injury to plaintiff after

the air had been applied, and the machine they were lifting had become overbalanced, and said Steele having been shown to be in charge of the work, and understanding how the same was being done, he should have been allowed to state whether there was any way for him to have prevented the injury after the machine became overbalanced. Such evidence was not objectionable as an opinion of the witness, but would be the statement of a fact by one knowing what could and what could not have been done with the appliances he was using. Ft. Worth & D. C. Ry. v. Thompson, 75 Texas, 501; McCray v. Galveston, H. & S. A. Ry., 89 Texas, 174.

*C. B. Randell* and *J. H. Wood,* for defendant in error.—That all parts of a charge must be construed together: Texas & P. Ry. v. Chapman, 57 Texas, 81; International & G. N. Ry. v. Stewart, 57 Texas, 170.

The court committed no error in using the word "establish" defining the burden of proof. The use of said word did not put any greater burden upon the defendant than the use of the word "proof." 1 Greenleaf on Ev., sec. 1; Anderson's Law Dictionary, p. 834; 16 Cyc., 849; Fury v. State, 8 Texas Crim. App., 472.

The court explained the burden of proof that rested upon the plaintiff, and then said "a like burden is on the defendant to establish its plea of contributory negligence of plaintiff." We don't see how the court could have told the jury in simpler, plainer language that the same burden rested upon the defendant to prove contributory negligence as rested upon the plaintiff to prove direct negligence.

MR. JUSTICE BROWN delivered the opinion of the court.

C. H. Steele was in the service of the Houston & Texas Central Railroad Company, and as foreman had charge of a number of negroes, who, under his direction, were constructing a derrick. It is unnecessary to give a detailed description of the derrick, but to aid in understanding this opinion we will make a brief statement concerning its parts and the method of building it. A derrick is constructed upon a flat car and consists of an upright post upon the top of which rests a long piece of timber, which we will call the derrick, as it is so designated in the evidence. The length of this derrick is not given, but it must have been of considerable length. On the part of the derrick over the upright post is a cylinder, by which compressed air is used to operate the derrick, which extends in an upward angle some degrees above a horizontal line. By means of a rope extending along its length the power is applied by the cylinder and raises heavy vessels of coal so that the derrick may be turned to deliver the coal into the tenders of locomotives. To support the derrick a brace is placed, one end of it under or near the extreme end of the derrick with the other end in a place prepared for it in the lower part of the upright. In order to adjust the brace in this instance it was necessary to raise the end of the derrick a few inches and another derrick on a different car was being used for that purpose and Steele was to let on and control the compressed air. The rope on the other derrick must be tied to the derrick to be

raised. It should have been tied near to the center of the derrick, but Steele directed Johnson to tie it near to the bottom of the derrick, which Johnson did. He then grasped the brace to adjust it to its place in the upright when the derrick should be raised. Steele turned the air on suddenly which "jerked" the derrick up so quickly that it carried Johnson up·in the air about twenty feet, he loosed his hold and fell upon the car causing his injury. The compressed air could have been applied gradually, and if so used could have been shut off at any time, thus stopping the movement of the derrick.

Johnson instituted this suit to recover damages from the company and a jury returned a verdict in his favor for $7000.

Plaintiff in error complains of the following portion of the court's general charge: "Or, in the exercise of ordinary care for plaintiff's safety should have discovered that said arm or brace would go upward and overbalance and probably injure.plaintiff." When read in connection with the preceding portion, there is no error against the railroad. The charge of the court does not authorize the jury to find a verdict against the defendant except upon the negligence of Steele in turning on the air improperly and in such manner as to cause the injury..

The clause complained of, if taken alone, might be erroneous, because there is no evidence which would authorize the submission of the issue that Steele could have stopped the derrick after the air was on. But, in fact, the clause, as a whole, required the jury to find that Steele was negligent in turning the air on suddenly and improperly, and also to find that he could by the exercise of ordinary care have prevented the injury after the air was turned on before they could find for the plaintiff, whereas, negligence in either particular would support the verdict.

The fault of the charge was in placing an unnecessary burden on the plaintiff by the connection of the two grounds of action and resting the·recovery upon the proof of both. The plaintiff in error has no reason to complain of that portion of the charge.

We are of opinion that the evidence justified the conclusion that Steele was negligent in the manner in which he applied the air, and that his negligence was the proximate cause of the injury received by plaintiff.

By assignments of error set out in the application, Nos. 3, 4, 9, 10 and 11, complaint is made of the manner in which the court submitted to the jury the question of contributory negligence and, of the failure of the jury to find the plaintiff guilty of contributory negligence. We will consider them together. It is claimed that Johnson was negligent in tying the rope on the lower part of the derrick, which was the proximate cause of his injury. Johnson testified that he tied the rope at the place directed bv Steele, the foreman. But the plaintiff in error insists that notwithstanding Steele may have directed him to tie the rope at the place he did, still Johnson was guilty of contributory negligence, because the danger was so obvious that he could not justify the act under the direction of his superior.

In this contention we think that the plaintiff in error is wrong. There is nothing in the evidence to show that the act of tying the

rope on the lower part of the derrick would of itself produce injury or damage. The damage arose from the manner in which the air was applied by which the derrick was raised suddenly. A servant is not negligent when he obeys the direction of a superior in performance of his duty, unless the thing directed to be done is so obviously dangerous that an ordinarily prudent man, under the circumstances, would not obey the command. Johnson had a right to rely on Steele as his superior to direct him to do that which was proper and safe to be done and to protect him against anything which would be liable to injure him in the performance of his duty. It must be an extreme case in which a subordinate would be held negligent by obeying the command of a superior.

It is also claimed by plaintiff in error that the court placed a burden upon the defendant with regard to the proof of contributory negligence greater than the law authorized. Counsel copied into the application this sentence: "A like burden (burden of proof) is on defendant to establish its plea of contributory negligence of plaintiff." The error is assigned upon the use of the word "establish," on the ground that it required greater certainty in the evidence of defendant than was imposed by law in this, that the word "establish" means to prove conclusively or beyond a reasonable doubt. If the clause copied stood alone in the charge, the assignment might be good, but when we take it in connection with what preceded it we are of the opinion that the jury would not be misled by it. We copy from the charge as follows: "The burden of proof is on the plaintiff to show by a preponderance of the evidence, by which is meant the greater weight and degree of credible testimony, the facts which will entitle him to recover. A like burden is on defendant to establish its plea of contributory negligence of plaintiff. You are the exclusive judges of the facts proven, of the credibility of the witnesses and of the weight to be given the testimony, but the law you will receive from the court and be governed thereby."

It will be observed that the first sentence in the paragraph of the charge placed upon the plaintiff the burden to prove by a "preponderance" of the evidence the negligence of the defendant, then follows the clause of which complaint is made. A "like burden" means the same or similar burden to that imposed on the plaintiff in the preceding sentence, that is, to "establish" the contributory negligence of plaintiff by a preponderance of the evidence. It is true that in a number of cases cited and in the dictionaries the word "establish" is given the meaning contended for by plaintiff in error, but we must ascertain from the context what a jury would probably understand from the language used. We are of opinion that the jury was not misled into believing that the court intended to say that the defendant must *establish* its plea of contributory negligence by conclusive evidence. The assignment is not well taken.

The defendant asked the court to give to the jury the following charge: "Unless you believe from a preponderance of the evidence that Foreman C. H. Steele failed to exercise that degree of care that a man of ordinary prudence would have used under the circumstances which then surrounded him, either in the way he applied the air in

the first instance, or in the way he afterwards controlled or handled it, and that such failure on his part was the cause of the injuries to plaintiff, you will find in favor of the defendant, and in this connection you are instructed that, in deciding as to whether or not said Steele did exercise such ordinary care, you must view the facts as they would have appeared to a man of ordinary prudence under the circumstances which surrounded him at the time said Steele was called upon to act, and not as they may have appeared to one looking back after the accident had happened." The same view of the matter is presented by another charge varying but slightly in expression.

The closing phrase of the charge, we think, made it improper for, the court to submit it, that is, this language, "and not as they may have appeared to one looking back after the accident had happened." The jury were empaneled to look back at the accident after it had happened and to judge of the testimony as it appeared to them, and we think that the charge given by the court was sufficient to express the proper duty of the jury in passing upon this evidence. We are of opinion that the charge should not have been given in the form in which it was presented. It is true that the jury should look at the facts as they appeared at the time, and this duty is sufficiently indicated by the charge of the court when it is said that the issue of negligence must be determined by the test, "Would a prudent man under the same or similar circumstances have so acted?" The court gave this charge to the jury: "Negligence, when used in this charge, means the failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or the doing of that which a person of ordinary prudence would not have done under the same or similar circumstances. Ordinary care, when used in this charge, means that degree of care which a person of ordinary prudence would exercise under the same or similar circumstances." That charge pointed the jury to the facts and circumstances as they existed at the time the act was done as the standard by which the act of Steele was to be judged. The jury could only know how the facts appeared to Steele at the time by ascertaining what were the facts and circumstances which were present at the time and from them conclude how they would have affected an ordinarily prudent man. The charges were properly refused.

The plaintiff in error proved that at a previous time the plaintiff had received an injury on the Missouri, Kansas & Texas Railroad, and then offered to prove that he received from that company $2500 by way of compromise in satisfaction of his injury. The court correctly excluded this testimony. It could have had no proper bearing on the issues presented to the jury.

The plaintiff in error proved by Dr. Neathery that he attended the defendant in error when he was injured on the Missouri, Kansas & Texas Railway Company's railroad and offered to prove by the doctor that if the injuries had been such as Johnson then claimed them to be they would still be in evidence in his present physical condition. The ground upon which the plaintiff in error places the admissibility of this testimony was that there was in this case an issue of fraud as to the extent of the injury; therefore, they sought to prove that

he perpetrated a similar fraud on the Missouri, Kansas & Texas Railroad Company. Such testimony is admissible when there is a connection between the two acts which tends to show that they were instigated by the same intent and purpose. 6 Enc. Ev., 36d. But nothing in this case indicates that there was any connection between the two claims against the railroad companies. Therefore, the testimony was inadmissible.

If the court by its charge authorized the jury to find for the plaintiff on the ground that after he had negligently turned on the air and caused the derrick to be lifted up and he had then negligently failed to shut off the air and thereby prevent the injury to the plaintiff, the evidence of Steele to the effect that he could not have prevented the injury after he had first turned the air on would have been admissible. But as we have said before, there is nothing in the charge which would authorize the jury to find against the defendant upon the ground alone of Steele's negligence in failing to arrest the movement of the derrick after he had negligently put it in motion, therefore, no issue of that character was submitted to the jury and the testimony could not have benefited the defendant.

We find no reversible error, and the judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*