## L. B. PRICE MERCANTILE CO. v. MOORE.
### (No. 1110.)

(Court of Civil Appeals of Texas. Beaumont. June 16, 1924. Rehearing Denied June 25, 1924.)

1. Evidence ⬅106(5)—Evidence as to other litigation by plaintiff and her family to show they were chronic litigants held properly excluded.

Evidence of other actions by plaintiff and members of her family for personal injuries, having no connection with or bearing on issue involved, to show they were chronic litigants, *held* properly excluded.

2. Damages ⬅132(8) — $2,000 for broken wrist held not excessive.

Verdict of $2,000 against defendant, whose collector took hold of and broke wrist of plaintiff, a woman over 60 years of age, *held* not excessive.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by Maggie Moore against the L. B. Price Mercantile Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Fouts & Patterson, of Houston, for appellant.

Bryan, Dyess & Colgin and Chas. O. Guynes, all of Houston, for appellee.

O'QUINN, J. Suit in the district court of Harris county, Tex., by appellee against appellant for damages. The following statement of the nature and result of the suit, which appellee admits is correct, is taken from appellant's brief:

"Plaintiff's petition alleged that the defendant, through its authorized agents, for the purpose of collecting installments on certain articles bought by Maggie Moore from defendant, that the plaintiff, Maggie Moore, tendered a part only of the amount to defendant, whereupon defendant took possession of two of her rugs, and plaintiff, Maggie Moore, took possession of the remaining rug, and that defendant's agent grabbed said rug and violently caught hold of said plaintiff, an old woman, who was crippled, weak, and past 60 years of age, with the purpose and intention of hurting her, seized her right arm and wrist, and twisted and jerked same, purposely injuring her right arm and wrist permanently, breaking the bone of said arm, and especially of her wrist, and hurt and sprained, broke and tore most of the tendons, muscles, nerves and flesh of her said arm and wrist, and threw her with great force and violence to the ground, thereby causing her mental anguish and physical pain, which permanent injuries incapacitated the said Maggie Moore from attending to her dressing and 'the hand and wrist thereof is numb and without feeling or sensation, and is continually paining and hurting her,' said injuries producing sleeplessness at nights; the medical bill from said injuries being for $100.

"The defendant answered by general demurrer and general denial.

"The case was tried to a jury on January 3, 1923, on special issues, and judgment was rendered on same date on such issues, that the defendant, through its agent, did, on the occasion in question, take hold of, twist, and break plaintiff's arm, and, as a result of the assault made on her, Maggie Moore sustained injuries in the manner and to the extent alleged by her in her trial petition, and awarded her damages in the sum of two thousand ($2,000) dollars."

After verdict, appellant moved to set aside the findings of the jury, which, being overruled, appellant then filed motion for new trial, which was also overruled, from which rulings appellant brings this appeal.

The theory of the appellant, as defendant below, was that the injuries alleged by plaintiff to have been sustained were simulated—that she, in truth and in fact, suffered no injuries.

[1] Appellant's brief presents four assignments of error, the first of which is:

"The trial court erred in sustaining plaintiff's objection to the testimony of defendant's witness, Ruland, to the effect that Maggie Moore, and other members of her family, had had and prosecuted numerous claims against other persons for personal injuries, as is more fully shown by defendant's bill of exception No. 4, for the reason that such testimony was material, in that it showed to the jury that plaintiff and her family were chronic litigants, and the refusal of such testimony was highly prejudicial to this defendant."

Bill of Exception No. 4, referred to by appellant, is as follows:

"Be it remembered that upon the trial of the above entitled and numbered cause the defendant called as a witness H. F. Ruland, and offered to prove by the said H. F. Ruland the following matters: That he was employed by the Houston Electric Company in the claim department, and that he knew and had the records with him to show the following facts: That Mary Chambers, who is the daughter of plaintiff, has at the time of trial a claim for personal injuries pending against the street car company for an unreported accident; that the said Mary Chambers had previously, in 1919, had a suit against the Houston Electric Company and the Light & Power Company for personal

injuries; that plaintiff, Maggie Moore, in 1918, had and presented a claim for personal injuries against the Houston Electric Company and has received a settlement therefrom; that Frank Smith, the son-in-law of Mary Chambers, has now a claim for personal injuries, or damages, pending against the electric company; and that Joe Moore, husband of plaintiff, had made two separate and distinct claims for personal injuries, one of which was a compensation claim.

"The plaintiff objected to the introduction of this testimony on the ground that same was immaterial to any issue in the case, and would call for introduction of testimony relative to each of the suits and claims mentioned. The purpose for which the testimony was offered by the defendant was to show that plaintiff and her family were chronic claimants for personal injuries. The court sustained plaintiff's objection to the testimony, to which action and ruling of the court the defendant then and there in open court at the time hereof excepted.

"The foregoing bill of exception No. 4, having been reduced to writing by counsel for said defendant, and having been presented to the undersigned judge of said court for allowance and signature within thirty days from adjournment and within time required by law, and having been submitted to the adverse counsel and found by him to be correct, and having been found by me to be correct, is hereby allowed, approved, and ordered filed by the clerk of this court as a part of the record in this cause, this the 8th day of February, 1923.

"Harvey, Judge."

The assignment is overruled. The matters offered, as shown by the bill of exception, did not point to the transaction involved here, or throw any light upon it. Evidence of other matters and transactions having no connection with or bearing upon the issue involved are not admissible. Levy v. Lee, 13 Tex. Civ. App. 510, 36 S. W. 309; Texas & P. Ry. Co. v. Dishman, 41 Tex. Civ. App. 250, 91 S. W. 828 (writ denied); H. & T. C. Railway v. Johnson, 103 Tex. 320, 127 S. W. 539. The contention of appellant that appellee was malingering, we think, under the facts, borders upon the frivolous. The allegations of appellee's petition of an assault upon her by the agent of appellant were found by the jury to be true, and that by reason of that assault that appellee was substantially damaged as alleged was also found by the jury to be true, and we think the record amply supports their findings. This being true, the matters offered to be shown by appellant to establish their contention were immaterial and not admissible.

[2] Appellant's three other assignments assail the verdict as being excessive. We have carefully examined the record, and believe the assignments should be overruled.

The judgment is affirmed.