SAN ANTONIO TRACTION CO. v. COX.
(No. 5642.)

(Court of Civil Appeals of Texas. San Antonio. March 22, 1916.)

1. TRIAL ⚫═>252(2) — INSTRUCTIONS — EVIDENCE—SUFFICIENCY.

In an action for personal injuries, testimony that 17 claims against the defendant had been propounded by various relatives of the plaintiff, and that he had witnessed a release in one of the suits, would not justify a charge on conspiracy, as it failed to connect the plaintiff with the other claims, except in the one instance and did not sufficiently indicate concerted action by the claimants.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 597; Dec. Dig. ⚫═>252(2).]

2. CARRIERS ⚫═>303(5)—INJURIES TO PASSENGERS—NEGLIGENCE.

In an action for personal injuries received while alighting from a street car, if the car was stopped for a reasonably sufficient time to enable passengers to alight, and plaintiff, in-

stead of using this time in getting off the car, was not diligent, the defendant would not be liable, unless those in charge of the car knew, or had reason to know, that the plaintiff had not alighted and was about to alight.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1228½; Dec. Dig. ☞303(5).]

3. APPEAL AND ERROR ☞1066 — REVIEW — PREJUDICIAL ERROR.

In view of evidence of the plaintiff that he got off to walk out of the car, that he was right behind G., that he thought G. was right behind the conductor, that the conductor got off at the front end, that G. got off at the same place, plaintiff followed G., and at the time that plaintiff got off the conductor had walked to the other side of the railroad track, 60 feet or more, an instruction which did not require the jury to find that the defendant failed to stop the car a reasonable length of time for his passengers to alight therefrom was prejudicial error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. ☞1066.]

4. TRIAL ☞252(10)—SUBMISSION OF ISSUE TO JURY.

In an action for personal injuries, where the evidence showed that the plaintiff was earning the same amount after as he had earned prior to suffering the alleged injuries, and there was no evidence tending to show that his earning capacity had been affected, the submission of the issue whether plaintiff's future earning capacity had been impaired was error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 603; Dec. Dig. ☞252(10).]

Error from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by George Cox against the San Antonio Traction Company. From a judgment for the plaintiff, defendant brings error. Reversed and remanded.

Templeton, Brooks, Napier & Ogden, of San Antonio, for plaintiff in error. Chambers & Watson, of San Antonio, for defendant in error.

MOURSUND, J. George Cox sued the San Antonio Traction Company for damages in the sum of $950 for personal injuries, which he claimed to have received in alighting from a street car on or about July 23, 1914. He alleged that while he was undertaking to get off of the car at the crossing of the San Antonio & Aransas Pass Railway on the west end car line, the car was carelessly and negligently started too suddenly and without notice or warning before plaintiff had sufficient time to alight, and in so starting the car it was jerked, with the result that plaintiff was thrown or fell from the car and received the injuries described in the petition.

Defendant denied the happening of the accident and the negligence alleged, and further alleged that Cox and some 10 or 11 members of his family have continuously "worked together, conspired, assisted, and abetted each other in propounding false and fraudulent claims against this defendant," and "that this suit and the claim propounded herein is a part and parcel of said co-operation, conspiracy, and abetting of the above-named parties for the purpose of obtaining

money from this defendant." Defendant also alleged that if plaintiff was suffering from any injury or disability, "such injury or disability is the result, not of any accident alleged in plaintiff's petition, but of another and prior accident for which this defendant is not liable."

The trial resulted in a verdict and judgment in favor of plaintiff for $250.

Appellant complains of the exclusion of certain testimony which, as shown by the bill of exceptions, would have been given by the witness, Fred J. Johnston, in answer to questions propounded, viz.:

"Mrs. Lula Brown Cox, the mother of plaintiff, has had two claims against the company, one very recently and the other in March 18, 1914. Phillip Cox, plaintiff's brother, and Phœbe Cox Villareal, plaintiff's sister, each have had a claim against the company, respectively, on February 25, 1914, and March 4, 1914, and George Cox has had two claims against the company, one involved in this suit, and one on March 4, 1914, in all of which the claimants claimed that the accident involved occurred while they were getting off of the street car of the defendant and claiming injuries thereby. Also plaintiff's aunt, Minnie Brown Leak, has had two claims for herself, one on March 16, 1914, and one on March 29, 1915, in which she claims to have received injuries while getting off one of the company's cars, and Mrs. Leak propounded a claim for her daughter, Rosa, supposed to have occurred on January 30, 1915, while Rosa was getting off of one of the company's cars. Another aunt of the plaintiff, Mary Brown Callaghan, propounded a claim against the defendant for an accident which she claims to have occurred on March 23, 1914, while getting off of one of the street cars of the defendant. R. G. Brown, plaintiff's uncle, also has recently propounded a claim against the traction company for injuries supposed to have been received while getting off of one of the cars of the defendant, and in addition to this plaintiff's cousin, Lacy Brown, has had two claims against the company, one on January 29, 1914, and one on March 4, 1914, in one of which he claims to have received injuries while a passenger on one of defendant's street cars, and his (Lacy's) wife has also made a claim for injuries supposed to have been received on March 4, 1914, the same day as Lacy's second accident. Mrs. Lizzie Webb, Lacy Brown's mother-in-law, claimed to have had an accident on May 24, 1914, while she was getting off of one of the company's street cars."

Defendant also sought to introduce various releases signed by relatives of Cox upon payment being made them for injuries claimed to have been sustained, and separately sought to introduce a release signed by Lacy, a cousin of plaintiff, which was witnessed by plaintiff. We will consider all of this testimony together.

[1] It is contended that all of this evidence should have been admitted as bearing upon the answer of defendant alleging that plaintiff and certain members of his family had conspired against defendant to procure unmerited damages by means of false and fraudulent claims. In this connection appellant quotes portions of the testimony of plaintiff which show that he has no definite recollection of any details concerning the opera-

tives of the car or the car itself, and show a recklessness in testifying concerning his witness, Saunders, calculated to cast great doubt upon his entire testimony. It is also pointed out that every one of the motormen and conductors on that car line testified positively that no such accident occurred on that day with reference to his car.

The testimony excluded shows a remarkable condition of affairs. About 17 claims were propounded by Cox and his relatives, all of which, except 2, were for injuries alleged to have been sustained in alighting from cars. To get off of a street car is a simple thing, and it is inconceivable that all of these people could have been caused to fall by reason of negligence of the operatives of the cars. Surely the company had no desire to willfully inflict injuries upon the members of this family, and surely these people were not all suffering from infirmities such as to prevent them from getting off of a street car without assistance. In spite, however, of the warnings furnished by similar accidents to members of the family, they appear not to have learned caution, but continued taking the risk, a terrible one as to them, of getting off of street cars, with the result that every now and then one of them would be injured just like the others were. We think it is so highly improbable that all of these claims could be honest ones, that a jury would be justified in inferring that fraud had been practiced with regard to some of them. The testimony indicates a bad state of affairs, but we do not think, had it been admitted, it would, with the other testimony, have justified a charge on conspiracy. The evidence fails to connect plaintiff with the other claims, except in one instance in which he was with a cousin when he had his fall, and also witnessed the release executed by him to the company. We fail to find in the testimony given or excluded that evidence of concerted action such as is required to constitute a conspiracy. It is just as probable, if not more so, that each incident stood alone as that a conspiracy existed, and it is mere guesswork to say that any of the parties conspired together. If some of the claims were fraudulent, they may have been propounded upon the initiative of the complainant alone, without consulting with or being aided or abetted by any one, being induced thereto by the apparent ease with which claims could be collected, as shown by experiences of other members of the family.

The issue in this case was whether plaintiff was injured by reason of the negligence of the company as alleged by him, or whether, as is contended by defendant, no such incident as testified to by plaintiff occurred, or if it did, that it was willfully brought about by him, and not caused by negligence of the company. Proof of a conspiracy and of his connection therewith would undoubtedly tend strongly to corroborate the testimony of the employés of defendant that no such

incident occurred, or might lead the jury to believe that he willfully permitted himself to be thrown from the steps. But as above pointed out the evidence admitted fails to show any conspiracy between any of the members of the family who propounded claims, and the evidence excluded, considered alone or with that admitted, would not justify a charge on conspiracy, for it merely shows transactions of a similar nature, not connected with each other and not constituting a necessary element in a plan to reach an ulterior object. Chamberlayne on Ev. §§ 3244, 3245. We conclude the court did not err in regard to the matters complained of in the first four assignments of error, and they are overruled.

[2, 3] By the fifth assignment complaint is made of the charge of the court, because it did not require the jury to find that defendant failed to stop the car a reasonable length of time for its passengers to alight therefrom, but simply required the jury to find that while plaintiff was alighting therefrom and before he could alight defendant started the car. The charge is defective in the particulars pointed out. Nowhere in it do we find any statement from which the jury could deduce the rule of law that if the car was stopped for a reasonably sufficient time to enable passengers to alight, and the plaintiff, instead of using such reasonably sufficient time in getting off the car, was not diligent, the appellant would not be liable, unless those in charge of the car knew, or had reason to know, that the passenger had not alighted and was about to alight. Railway v. Williams, 70 Tex. 159, 8 S. W. 78; Harris v. Railway Co., 36 Tex. Civ. App. 94, 80 S. W. 1023; El Paso Elec. Ry. v. Boer, 108 S. W. 199. The court eliminated entirely the doctrine of a reasonably sufficient time, and erroneously stated that plaintiff could recover if the car was started before he could alight therefrom. The evidence of plaintiff showed that he got up and started to walk out, that he thought Groverow was right behind the conductor, and plaintiff was right behind Groverow; that the conductor got off at the front end; that Groverow got off at the same place and plaintiff followed Groverow; that at the time plaintiff got off the conductor had walked across to the other side of the railroad track, a distance estimated by the witness Saunders at 60 feet or more from the car. In view of this evidence, it is clear that the error in the charge must be held to be a material one. The assignment is sustained.

By the sixth assignment the charge is again attacked, the objection being that the charge was erroneous in that it allowed a recovery without requiring a finding that a reasonably sufficient time had not been given, after the car stopped, in which to disembark, and without requiring a finding that those in charge of the car or any of them knew or should have known that plaintiff was alight-

ing or undertaking to alight. What we have said in disposing of the preceding assignment is applicable to this one. Defendant could not be liable unless it violated a duty to plaintiff, either by starting the car before giving him the time given by law to disembark or by starting it, knowing, or having reason to believe, that he was about to alight. The evidence is, to say the least, not of such character as to conclusively show that appellant knew, or was chargeable with knowledge, that plaintiff was preparing to alight. The assignment is sustained.

[4] It is contended that the court erred in submitting the issue whether plaintiff's future earning capacity had been impaired. There is no evidence, so far as we can find, in the statements contained in the briefs, from which a jury could find that plaintiff's future earning capacity had been impaired. He was earning the same amount as he earned prior to suffering the injuries testified to by him, and no evidence is pointed out in his brief from which it could be deduced that his earning capacity has been affected. The seventh assignment is sustained.

The judgment is reversed, and the cause remanded.