## DALLAS HOTEL CO. v. RICHARDSON.
### (No. 9408.)

(Court of Civil Appeals of Texas. · Dallas.
Oct. 17, 1925.)

**1. Innkeepers ☞11(7)—Limitation on check for trunk held not to relieve hotel against negligence.**

Where guest checked trunk at hotel, placing of limitation upon check for trunk, to effect that baggage was left at risk of owner, because no charge was made for checking, would not have effect of relieving hotel against its own negligence or 'negligence of its agents and servants.

**2. Innkeepers ☞11(12)—Evidence of other acts of negligence held inadmissible.**

In action for loss of trunk checked at hotel, it was error to admit evidence that trunk, while checked at some previous time, had been damaged, and hotel had recognized liability, since in question of whether there was negligence in doing of particular acts, evidence is not admissible to show that party had been guilty of other acts of negligence totally disconnected with present case.

**3. Negligence ☞124(1)—Rules of evidence same, whether issue is gross or ordinary negligence. ·**

Rules of evidence in establishing negligence are same, regardless of whether issue is that of ordinary or gross negligence. ,

**4. Trial ☞75—Objection to evidence must be held to be waived, where similar evidence was received without objection. ·**

In action to recover for loss of trunk while checked at hotel, where evidence that other trunks had been lost from hotel baggage room was received without objection, objection to similar evidence of another witness must be *held* to have been waived.

**5. Innkeepers ☞11(1)—Keeping of hotel guest's trunk during absence, free of charge, held bailment for mutual benefit.**

Where guest of hotel, during absence each summer, checked trunk in hotel baggage room, it was *held* that the holding of guest's trunk tended to make her permanent guest of hotel, which was sufficient consideration to make bailment one of mutual benefit to parties.

Appeal from District Court, Dallas County; Towne Young, Judge.

Suit by F. E. Richardson against the Dallas Hotel Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Phillips, Townsend & Phillips and Tom Scurry, all of Dallas, for appellant.

Tom L. McCullough, of Dallas, for appellee.

JONES, C. J. In 'a suit in the district court of Dallas county, appellee, Mrs. F. E. Richardson, recovered judgment against the Dallas Hotel Company, appellant, in the sum of $900, 'and from this judgment an appeal has been perfected to this court.

Appellant is a corporation and conducts and operates the Adolphus Hotel in the city of Dallas. Appellee is a representative of an eastern house, having supervision of traveling saleswomen for said house in the states of Texas and Oklahoma. Appellee made the Adolphus Hotel her headquarters, having all her mail sent there under forwarding instructions when she was elsewhere in her territory. This arrangement with appellant was made when she first came to the Adolphus Hotel in 1919. She owned a large trunk in which she kept wearing 'apparel, together with some household effects that she had used as a housekeeper before taking this employment. She did not carry this trunk with her when away from the hotel after her first visit, but, by agreement with appellant, it would be deposited in the baggage room and again brought to her room when she returned. On each occasion she left the hotel she would register off and pay her bill. Appellee would change the contents of the trunk as to her wearing apparel from time to time. There was no direct promise on her part when she would leave the hotel to return, but, from the fact that her trunk was left there, that she was making it her headquarters, 'and that her mail was sent there, it was at least impliedly understood by the said hotel, and by appellee, that she would return, and had always done so. Appellee would spend the summer months in the East, returning again in the early autumn, reaching Dallas usually in October. During the years that she thus used the Adolphus Hotel as headquarters, she was never there from · June to October, but her trunk always remained in the custody of the hotel. In May, 1921, appellee checked the articles in her trunk, replacing some articles of wearing apparel with other articles and, according to custom, delivered her trunk to the baggage room, to remain until she returned the following autumn, and received the accustomed check evidencing such deposit. The check delivered by appellant to appellee had printed on it the following:

"This baggage is left at the hotel at the risk of the owner and the hotel will not be responsible for same, inasmuch as we make no charge for checking baggage or trunks."

When appellee returned in October or November and called for her trunk, it could not be found, and the trunk and its entire contents were lost. Appellee did not pay other than the usual price for the room she occupied and for the service rendered her, and did not pay any charge for the use of the baggage room during her absence from the hotel. She was considered by appellant as a "permanent guest" of its hotel.

The suit was to recover the value of the trunk and contents, alleged in the petition to have been $1,200. Appellee's petition. was sufficient to· authorize a recovery, either on the theory that the parties occupied the relation of innkeeper and guest, or the relation of mutual bailor and bailee,' or that appellant occupied only the relation of a gratuitous bailee.

Appellant defended the suit on the theory that, at most, it was only a gratuitous bailee, and that it received the trunk solely for the accommodation of appellee, placed it in its baggage room, and kept it in the same manner that other baggage stored in said room was kept, and that as appellee knew the conditions obtaining in reference to said baggage room and the manner in which baggage was kept in such room, and with such knowledge on her part voluntarily stored her baggage with appellant, she could not recover for the loss of same; · also that the stipulation in the said receipt was binding on appellee and a bar to her recovery.

The trial court evidently held the evidence insufficient to raise any issue on the first two theories above named, to wit, that of the relation of innkeeper and guest, and that of bailment for the mutual benefit of the parties, and submitted the issues solely on the law governing a bailment for the sole benefit of the bailor, requiring a finding of the jury that appellant was guilty of gross negligence as a prerequisite to recovery.

The case was submitted to the jury on special issues, and the findings are to the effect that appellant was guilty of gross negligence in caring for appellee's trunk while same was in its possession, and that such negligence was the proximate cause of the loss of said trunk; that appellee exercised· ordinary care for the protection of said trunk while in the possession of appellant, and that the actual cash value of the trunk and its contents was $900. Judgment was entered for appellee responsive to such findings,

Error is duly assigned by appellant in line with its said defense, and, in addition thereto, error is assigned on the admission of certain testimony, the character of which will appear in a discussion of such assignments.

Ordinarily the question of whether a defendant in suit is guilty of gross negligence is an issue to be decided by the jury, and, in this case, we think the evidence sufficient to warrant the submission made by the court, and sufficient to sustain the finding of the jury thereon. As this case must be tried again, we will not further discuss the testimony on this issue. All assignments of error in respect to this issue are overruled.

[1] The limitation placed on the check for the trunk delivered to appellee at the time appellant received its custody cannot have the effect of relieving it against its own negligence, or the negligence of its agents and servants. 6 C. J. p. 1112, and authorities cited in note. The assignments in respect to this issue are overruled.

The fifth paragraph of appellee's petition is as follows:

"Plaintiff further alleges that her said trunk, at one time while deposited as aforesaid, was damaged by the water of a bursted pipe, and that defendant recognized its liability, and paid plaintiff a sum of money in damages therefor, thereby leading plaintiff to rely on defendant for the safe-keeping and acknowledged responsibility as bailee, and it is now estopped to deny liability."

[2] A special exception directed to this paragraph was overruled and this ruling is duly assigned as error. Over the objection of appellant, appellee was permitted to testify to the facts as alleged in the said paragraph of her petition. Error is assigned on the admission of this testimony. These assignments of error must be sustained.

It is well settled that, when the question as to whether or not a defendant has been negligent in doing or not doing a particular act, evidence is not admissible to show that the defendant had been guilty of other 'acts of negligence totally disconnected with the conduct of the defendant under inquiry. G. C. & S. F. R. Co. v. Garrett (Tex. Civ. App.) 99 S. W. 162; G. C. & S. F. Ry. Co. v. Rowland, 82 Tex. 171, 18 S. W. 96; I. & G. N. R. Co. v. Bandy (Tex. Civ. App.) 163 S. W. 341; S. P. Ry. Co. v. Markey (Tex. Sup.) 19 S. W. 392; Cunningham v. Ry. Co., 88 Tex. 538, 31 S. W. 629.

[3] The only answer appellee makes to this assignment of error in her brief is that this evidence was offered on the issue of ordinary negligence and could not be considered as affecting the issue of gross negligence submitted to the jury. We fail to see anything in this contention. The rules of evidence in establishing negligence are the same, regardless of whether the issue is that of gross negligence or ordinary negligence. Because this evidence was permitted to go to the jury over the objection of appellant, this case must be reversed and remanded for another trial.

[4] Another assignment of error in reference to the receipt of evidence over the objection of appellant that other ·trunks had been lost from 'appellant's baggage room would be sustained but for the fact that the record discloses that similar evidence of another witness was admitted without objection, and we must hold appellant waived the objection to the testimony covered by the assignment of error. In another trial of this case this objection should be sustained.

[5] In view of another trial, we would suggest that, in our opinion, while no issue is raised by the evidence of the parties standing in the relation of innkeeper and guest, the evidence does raise the issue of a mutual bailment. The test as to this issue in a given case

is whether or not the bailee received anything of value for the undertaking. If there is such consideration, the courts will not stop to inquire as to its adequacy. Appellant was operating a hotel for the public, and, as an inducement to the public, it permitted the baggage of departing guests to be stored in its baggage room during the absence from its hotel of the guest, without any extra charge. In the particular case under inquiry the holding of appellee's trunk for her during her absence tended at least to make her a permanent guest of the hotel, a thing very much to be desired by any hotel, and we are of the opinion that this is a sufficient consideration to make the bailment one of mutual benefit to the parties.

Because of the errors above discussed, we are of the opinion that this case must be reversed and remanded.

Reversed and remanded.