BALDWIN *v.* SIMPSON.

4-3974

Opinion delivered October 14, 1935.

R. E. Wiley, Henry Donham and Wm. P. Bowen, for appellants.

Paul H. Callaway and Joseph Callaway, for appellee.

BUTLER, J. The appellee, Jennie Simpson, filed her original complaint in the Clark Chancery Court on July 10, 1934, alleging that she was the owner of a certain lot in the town of Gurdon on which she had lived for more than forty years; that while she was owner of the same the Missouri Pacific Railroad Company erected and placed in operation a coal chute, the operation of which had greatly decreased the value of her property because great clouds of coal dust and cinders were blown thereon. She prayed that the operation of said chute be permanently enjoined, and that she recover for damages already sustained.

To this complaint a demurrer was filed which was overruled. Thereupon, an answer was filed denying the material allegations of the complaint and alleging that said coal chute was completed and placed in operation on May 29, 1928, and had since been continually operated each day; that said structure was permanent, and the damage inflicted was an original damage on the completion of the coal chute and that plaintiff's cause of action for damages was barred by the statute of limitation, which was pleaded as a defense to such action.

On January 1, 1935, an amendment to the complaint was filed by which plaintiff alleged that during the month of April, 1933, at other times since then, and from time to time when appellant was loading locomotive tenders from the coal chute and unloading coal, and when the wind was blowing from the chute toward her home, her house and furniture became covered with dust, smoke and cinders from the coal chute, and that the damage complained of was not the construction of the coal chute but the recurring damage to her property since April, 1933.

The chancery court transferred the cause to the circuit court without objection, and thereafter an answer to the amendment to the complaint was filed, denying the material allegations thereof, interposing a plea of the statute of limitation, and setting up all the other defenses of the original answer. The cause was tried in the circuit court, and resulted in a verdict and judgment for the plaintiff, from which comes this appeal.

The coal chute, operation of which is alleged to have caused the damage complained of in this case, is the identical structure involved in the case of *Mo. Pac. Rd. Co.* v. *Davis*, 186 Ark. 401, 53 S. W. (2d) 851, damages for the operation of which were there sought to be recovered. In that case the court said: "If it (the coal chute) had been negligently constructed or negligently operated and such negligence caused injury to appellees' property, they would be entitled to recover, no matter when the coal chute was erected, but the structure is such that damage would necessarily result and also the certainty, nature and extent of the damage could be reasonably estimated and ascertained, and the damage was therefore original. In such cases there can be but a single recovery, and the statute of limitations against such cause of action is set in motion upon the completion of the construction."

Appellee's house is situated from seventy-five to one hundred feet from the coal chute. The chute is a tall structure, the top bin being about eighty-five feet above the ground, and the evidence is undisputed, as in the Davis case, that there was no negligence in the construc-

tion or operation of the coal chute. It occurs to us that as soon as the chute began to be operated, damage to the appellee would occur, although the effects from such operation and the resultant damage to appellee might not have been immediately apparent, and that this case is ruled by *Mo. Pac. Rd. Co.* v. *Davis, supra.*

Appellee attempts to distinguish the Davis case from the case at bar on the theory that damage to her property was not sustained until the removal of a garage which stood between her property and the coal chute, which was within three years before the filing of her complaint. The evidence is undisputed that the railroad company had nothing to do with the erection or removal of the garage. This is substantially the contention made and overruled.

In the case of *Board of Directors, etc.,* v. *Barton,* 92 Ark. 406, 123 S. W. 382, where the facts were that a levee was constructed in the year 1899 as a solid embankment across certain water courses completely obstructing the passage of water, and, at the time of the trial of the case, had been continuously maintained in the same condition as when built. The damage complained of did not occur until the year 1906. When the levee was first constructed and until the year 1906 the waters which were impounded gradually increased in volume each year, covering more and more land. During the years 1906 and '07, the waters first encroached upon plaintiff's lands, rendering a large portion thereof unfit for cultivation. Action to recover damages was instituted. It was alleged that damage was not at first apparent and did not become so until the spring of 1906. A plea of the three-year statute of limitation was interposed as a defense to plaintiff's action. In sustaining the plea, the court said: "Whatever damage accrued to adjoining lands was done then, for the construction of the embankment necessarily caused injury to all lands drained by those streams and bayous, though the exact amount of damage to crops from year to year could not with certainty be then determined. But the injury to the lands was a permanent one, and the damages were original, and compensation should have been sought in one action

brought within the period of limitation. The action was barred."

From the doctrine of the Barton case, *supra,* it would seem in the instant case that, although damage did not occur to the appellee within three years before the filing of her suit, that, as the coal chute was a permanent structure from the operation of which damage would necessarily flow, her cause of action accrued in 1928 and was barred by the statute of limitation when her suit was filed.

It follows that the judgment of the trial court is reversed, and the cause dismissed.