**T. G. MARSH et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

No. 12830.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 23, 1955.

Rehearing Denied March 23, 1955.

Moursund, Ball, Bergstrom & Barrow, San Antonio, for appellants.

Austin F. Anderson, Dist. Atty., Walter W. Toxey, J. Bruce Aycock, John F. Onion, Jr., San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is a condemnation proceeding to take, for highway purposes, 15.322 acres of land along the new right-of-way of the Austin Highway. The Commissioners' Court of Bexar County, acting on behalf of the State of Texas, on April 29, 1954, instituted the proceedings against T. G. Marsh, his wife, Effie Caldwell Marsh, and Morningside Builders, Inc. The only question raised relates to the reasonable market value of the 15.322 acres involved. The owners contended and offered evidence tending to establish the market value of such land at the time it was taken at $2,000 per acre, or a total sum of $30,644. A jury trial resulted in a judgment fixing the value at $8,044.05, from which judgment T. G. Marsh, Effie Caldwell Marsh and Morningside Builders, Inc., have prosecuted this appeal.

Appellants first contend that the trial court committed reversible error in permitting the witness Linda Mohlenhoff, over their objection, to testify that she and her sister owned a tract of land adjoining the tract in question, and that they sold a strip lying across their tract to appellee for right-of-way purposes, on March 16, 1954, at the rate of $400 per acre. Appellants nowhere set forth what their objection was to this testimony as made in the trial court. They do set out about four pages of Q. and A., from which it appears that the only objection they made was that the evidence was inadmissible, irrelevant, immaterial and highly prejudicial. This is a general rather than a specific objection and does not in any way state the reasons for their objecting to the admission of the evidence. Where only a general objection to evidence is made in the trial court, such as is here shown, and no specific reason or reasons are given for such objection, reversible error is not shown. McCormick and Ray, Texas Law of Evidence, § 16, p. 21; McCullom v. McClain, Tex.Civ.App.,

227 S.W.2d 333; Aetna Cas. & Sur. Co. v. Davis, Tex.Civ.App., 196 S.W.2d 35; Alpine Tel. Corp. v. McCall, Tex.Civ.App., 195 S.W.2d 585; Housing Authority of the City of Dallas v. Hubbard, Tex.Civ.App., 274 S.W.2d 165. Ordinarily, in passing on the correctness of a trial court's ruling in admitting evidence, the appellate court will consider the ruling in the light of the objection made in the trial court, and the complaining party will not be heard to present reasons for excluding the evidence other than those made in the trial court. Ferguson v. Coleman, Tex.Civ.App., 208 S.W. 571. The evidence was not irrelevant and immaterial and it was no more prejudicial than is any other testimony that is unfavorable to a party.

Appellants now contend that the testimony should have been excluded because the price paid for this land was in the nature of a compromise, made where condemnation proceedings have been filed or where there is a threat of such proceedings, and the price accepted for the land was to avoid the expense and uncertainty of the litigation. If we consider this reason, made for the first time in this Court, we would still find that the trial court did not commit reversible error in admitting the testimony, because the record shows that the sale was not made to avoid condemnation proceedings nor the threat thereof, but was made freely and voluntarily. The witness so testified and appellants did not even ask for a voir dire examination of her on this point. Housing Authority of the City of Dallas v. Hubbard, supra.

██ Appellants next complain because the witness J. Adams, who qualified as an expert on real estate values in the vicinity of the land in question, was permitted to testify to several sales of real estate located in the immediate vicinity of the land in question over their objection. Appellants were contending that the land in question had a market value of as high as $2,000 per acre, and offered expert witnesses who so testified. The witness J. Adams placed a value of $515 per acre on the land, and testified that in arriving at this value he had taken into consideration other sales to

the county and to some one else. Adams was then asked this Question: "What were some of these sales?" whereupon counsel for appellants made the following objection:

"We object to that, to this testifying to any sales, if he took sales in that immediate vicinity into consideration in arriving at his opinion as to the value of that property he can testify that he took them into consideration, but as to what the sales were would be inadmissible, in the amount of sales, and what they sold for, is inadmissible as bearing upon the market value of the property in question. It is prejudicial, irrelevant and immaterial."

The objection is too general to be considered and does not support the contention which appellants are now making, that such testimony was inadmissible because it related to purchases by the condemner which were made as a matter of compromise to avoid litigation. However, if we consider the objection as being sufficient, there is nothing in the record, that has been called to our attention, to indicate that such sales were made during the pendency or under the threat of a condemnation suit. We are not called upon to presume that because such sales were to the county, that they were made during the pendency or threat of suit, and were therefore not voluntarily made. Art. 6674n, Vernon's Ann.Civ.Stats., authorizes the Commissioners' Court to acquire land for right-of-way purposes either by purchase or condemnation. There is no reason to believe that the county was threatening condemnation in the absence of any proof to that effect. It is just as reasonable to suppose that the Commissioners' Court was purchasing the property without threat of condemnation as to suppose the contrary.

██ Appellants next complain because the witness Linda Mohlenhoff was permitted to testify over their objection, that H. C. Ernest, President of Morningside Builders, Inc., had offered her the sum of $500 per acre for her land, which she declined.

Counsel for appellants made the following objection to this testimony:

"We object to that, whether or not he made an offer for the property, or what the offer was, that is irrelevant and immaterial to any issue in this case, and it is incompetent for the purpose of showing the market value and is wholly prejudicial to the rights of the defendants in this case."

This objection is also too general and fails to give any specific reason why the evidence should have been excluded. The evidence was apparently harmless and therefore its admission does not constitute reversible error. Rule 434, Texas Rules of Civil Procedure.

 Appellants next contend that the court erred in requiring the witness Effie Caldwell Marsh, one of the appellants, to testify that she had rendered the property here in question, along with other property owned by her and her husband, for taxes for the year 1954, and then showing, by introduction in evidence of the tax assessor and collector's records, the amount of such rendition. Appellants further contend that Mr. and Mrs. Marsh had conveyed the land in question to Morningside Builders, Inc., in 1953, and that the only interest they had was a vendor's lien note in the sum of $67,500 against the property. The proceedings here were against the three appellants as owners of the land in question. The judgment simply awards the amount found by the jury to the three appellants without attempting to determine the separate interest of each. The evidence is sufficient to show that the other appellants acquiesced in the rendition, in that they made no other rendition of the property, and it is not shown that they protested in any way. Under such circumstances, the evidence as to what Mrs. Marsh rendered the property for was admissible against all of appellants. State v. Doom, Tex.Civ. App., 278 S.W. 255; Forrest v. Moreno, Tex.Civ.App., 161 S.W.2d 364; Aue v. State, Tex.Civ.App., 77 S.W.2d 606; Medrano v. City of El Paso, Tex.Civ.App., 231 S.W.2d 514; Too Fan v. City of El Paso, Tex.Civ.App., 214 S.W.2d 158; Abramson v. City of San Angelo, Tex.Civ. App., 210 S.W.2d 476. In any event, Mrs. Marsh was a party to the proceedings and very much interested in the value to be placed on the land, in view of the ownership of the vendor's lien, and therefore the rendition was admissible against her. The evidence being admissible against at least one of the appellants, the court did not commit reversible error in overruling appellants' objection to the admission of the testimony. The manner in which the property was rendered goes to its weight, but not to its admissibility. State v. Doom, supra.

The judgment is affirmed.