**CITY OF GLADEWATER, Appellant,**

v.

**E. D. DILLARD et ux., Appellees.**

**No. 7032.**

Court of Civil Appeals of Texas.

Texarkana.

March 25, 1958.

Rehearing Denied April 22, 1958.

Florence, Florence & Garrison, Lowell C. Holt, Charles F. Wellborn, Gladewater, for appellant.

Fulton, Hancock & McClain, Hollie G. McClain, Gilmer, for appellees.

DAVIS, Justice.

The City of Gladewater commenced condemnation proceedings to condemn 2.55 acres of land situated in Upshur County, belonging to E. D. Dillard et ux., for highway right-of-way purposes. The award of the Commission was appealed to the County Court of Upshur County, and upon a trial to a jury of the issues of the value of the property taken and the damages to the balance of the property not taken judgment was rendered awarding plaintiffs the sum of $6,000 for the land taken and $1,500 for damages to the remaining property. From this judgment the City of Gladewater has appealed.

Appellant brings forward five points of error in which it complains of the action of the trial court in admitting testimony of five different witnesses as to prices paid by the City of Gladewater for other properties in the immediate vicinity of Dillards' condemned property, which properties were bought by the City for right-of-way purposes. To these points appellees counter that: (1) Appellant did not object to the first introduction of such testimony, therefore, it waived its right later to interpose an objection; and (2) that it was not error for the trial court to admit such testimony of the prices paid for other properties in the immediate vicinity of appellees' land, and contend that such sales were freely and voluntarily made and there is no evidence to show that any condemnation proceedings had been instituted prior to or at the time of the other purchases, nor that there was any threat of condemnation at the time of such purchases. Appellees further contend that the later objections to the admission of such testimony not being followed by a motion to strike, also amounts

to a waiver of the objection. Appellees' contentions are correct.

■ It is well established law in this state that when other and similar testimony has already been offered and admitted without objection, the objecting party waives his right to the objection after such testimony has already been admitted. 41–B Tex.Jur. 179, Sec. 151, and authorities cited; Marsh v. State, Tex. Civ.App., 276 S.W.2d 852, n. w. h.; Cole v. City of Dallas, Tex.Civ.App., 229 S.W. 2d 192, wr. ref. n. r. e.; Rowe v. Liles, Tex.Civ.App., 226 S.W.2d 253, wr. ref.; Pure Foods Products, Inc., v. Gibson, Tex. Civ.App., 118 S.W.2d 925, wr. dism.; Smith v. Guerre, Tex.Civ.App., 175 S.W. 1093; Texas & Pacific R. Co. v. Sherer, Tex.Civ.App., 183 S.W. 404, wr. ref.; Dallas Hotel Co. v. Richardson, Tex.Civ. App., 276 S.W. 765, n. w. h.; and Halsey v. Humble Oil & Refining Co., Tex.Civ. App., 66 S.W.2d 1082, wr. dism.

Although a purchase of property in such instances may imply a forced sale, a Court of Civil Appeals in the case of Marsh v. State, 276 S.W.2d 852, n. w. h., took the position that the fact of such other purchases was no reason to suppose that such purchases were being made with or without the threat of condemnation. It further held that such evidence should not have been excluded on the theory that the price paid for adjoining property was in the nature of a compromise.

In the more recent case of State v. Thompson, Tex.Civ.App., 290 S.W.2d 319, 323, wr. ref., n. r. e., the court held:

"* * * The fact that the witness testified that he based his opinion of market value partly on his efforts to purchase the property in question or his knowledge of the sales of right-of-way property up and down the highway does not disqualify his testimony, but to the converse, it gives it greater reliability. Moreover, there is nothing in the record to indicate that the sale of the similar right-of-way property mentioned by Moore was a forced sale. Further, the matter complained of, if error, is harmless error."

Appellant not only failed to object to the first testimony that was offered relative to the price paid by the City for other property within the vicinity of appellees, it failed to show that there was any condemnation proceedings even threatened, much less filed at the time of such sales. We have carefully examined the statement of facts and fail to find any error that could be reasonably calculated to cause, or probably did cause, the rendition of an improper judgment. See Rule 434, Texas Rules of Civil Procedure. Appellant's points of error are overruled.

The judgment of the trial court is affirmed.