**H. P. BRINKLEY, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

No. 7182.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 29, 1959.

Rehearing Denied Feb. 2, 1960.

Ernest L. Sample, Beaumont, for appellant.

Marcus, Weller & Evans, Beaumont, for appellee.

CHADICK, Chief Justice.

The appellant, H. P. Brinkley, an injured workman, recovered judgment in the trial court in a suit prosecuted under the provisions of Article 8306 et seq., Vernon's Ann. Texas Civ.St., but being dissatisfied, has appealed. The judgment is reversed and the cause remanded.

Among its several defenses pleaded in the trial court, the insurance carrier set out that the appellant had made claim for and been paid workmen's compensation benefits on

12 separate occasions, the pleadings listing the claims by employers, dates and amount paid, and additionally asserting the appellant had still another unpaid compensation claim pending and had effected settlement of a public liability claim against a merchant prior to the injury in suit.

The appellant specially excepted to the pleadings and among other reasons urged that the amount of money paid for a prior injury was immaterial and irrelevant to any issue, and moved that the pleadings in this respect be stricken. The exceptions were overruled.

In the course of the trial and over the objection of his counsel the appellant was interrogated on cross-examination about 10 of the claims listed. The cross-examination developed the fact that prior to injury in this suit, an injury occurred resulting in each claim inquired about and a settlement had been reached with the employer's insurer and the respective insurers had paid him a specified sum of money.

■ Broadly stated, neither declaration nor acts of strangers (res inter alios acta) to a suit are admissible in the trial of a case, under the general rule of evidence often referred to by the Latin phrase quoted. Houston & T. C. R. Co. v. Johnson, 103 Tex. 320, 127 S.W. 539; San Antonio Traction Co. v. Cox, Tex.Civ.App., 184 S.W. 722; L. B. Price Mercantile Co. v. Moore, Tex.Civ.App., 263 S.W. 657; Mills v. Texas Compensation Ins. Co., 5 Cir., 220 F.2d 942; 17 Tex.Jur. p. 379, Sec. 131; 2 Bouv. Law Dict. Rawles Third Revision, p. 2908; 2 Texas Law of Evidence (McCormick & Ray) p. 375, Sec. 1526. Among numerous exceptions to this rule, however, is that created by Article 8306, subdiv. 12c, reading in part:

"If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association (Texas Employers' Insurance Association) shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury; * * * Acts 1917, p. 269; Act 1947, 50th Leg. p. 690, ch. 349, Sec. 1."

Under the terms of Sec. 12c previous injuries may be pled and proof made respecting them. See Texas Indemnity Ins. Co. v. Perdue, Tex.Civ.App., 64 S.W.2d 386, wr. ref.; Traders & General Ins. Co. v. Watson, Tex.Civ.App., 131 S.W.2d 1103, wr. dis., judgm. cor.; Texas Employers' Ins. Ass'n v. Wright, Tex.Civ.App., 196 S.W.2d 837, wr. ref., n. r. e.; Clark's Commentary on the Workmen's Compensation Act, 22 V.T.C.S. p. xxxvii, and authorities there cited. See also 100 C.J.S. Workmen's Compensation, § 537, p. 544.

■ In this case the carrier pleaded and proved previous injuries as well as claims, settlements and payments resulting from them. The language of Sec. 12c makes no reference to previo claims, settlements or payment. The Supreme Court of this state on more than one occasion has stated the primary purpose for the enactment of the Workmen's Compensation Law was to benefit and protect the injured employee. Fidelity & Casualty Co. of N. Y. v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955; Woolsey v. Panhandle Refining Co., 131 Tex. 449, 116 S.W.2d 675. Also see Texas Employers Ins. Ass'n v. Peppers, Tex.Civ. App., 133 S.W.2d 165, wr. dis., judgm. cor. In harmony with that general purpose and the absence of a countervailing intent in other sections of the Act, the language used in Sec. 12c does not manifest an intention to withdraw from the appellant the benefit of the res inter alios acta evidence rule by enlarging the exception it creates to permit the pleading and proof of anything in addition to facts relevant to the previous injury, its effects and contribution to incapacity to work. The Section does not mention previous claims, settlements

or payments nor make them material to a limitation of recovery of benefits for a subsequent injury and pleading and proof thereof finds no support in the plain language and intendments of the Act. It was error to overrule the special exception mentioned and admit for jury consideration evidence of claims, settlements and payments arising out of appellant's previous injuries.

■ Although the insurer cites no authority except Sec. 12c to sustain the pleading and proof of the settlements, etc., it does urge affirmance despite error under the provisions of Rule 434, Vernon's Ann.Texas Civ.Rules of Civil Procedure, relating to harmless error and the principles governing the application of the rule set out in Condra Funeral Home v. Rollin, Tex., 314 S.W.2d 277; Walker v. Texas Employers' Ins. Ass'n, 155 Tex. 617, 291 S.W.2d 298; and Ambrose & Co. v. Booth, Tex.Civ.App., 301 S.W.2d 223, wr. ref., n. r. e. The error will be considered in the light of such rule and authority.

On report of injury the employee was directed to obtain medical attention from the employer's physicians. The day after the accident the company physician ordered him hospitalized. He was discharged 11 days later. Traction was applied as part of treatment administered to the neck area. After hospital discharge, the insurer voluntarily paid 11 weeks of compensation benefits. The jury found 12 weeks of total disability, no partial disability and that previous injuries did not contribute to the incapacity caused by the subsequent injury in suit.

The greater part of one day of trial was consumed in cross-examination of appellant. This cross-examination developed the evidence of the previous injuries, the claims, settlements and amounts paid. In cross-examination directed to not more than two or three of the previous injuries the appellant was perfunctorily asked if the injury contributed to his incapacity following the neck injury he now claimed. On each occasion he denied the previous injury or its effects contributed.

During the prolonged examination respecting these previous claims, settlements and payments, appellant was required to list and add up the several sums of money paid him. He was also required to estimate the actual time lost from work as a result of the previous injuries and add it together; although it was stipulated that some of the previous claims were for specific injuries for which the law arbitrarily sets the amount of compensation for incapacity in terms of a specified number of weeks and not in terms of actual time lost from work by reason of injury. This summing up by the witness totaled $10,255.71 for approximately seven months of time actually lost from work.

The only attempt to show the contribution of the previous injuries or their effect upon incapacity arising after the subsequent injury was the interrogation directed to the appellant. Counsel for insurer made no effort to relate the prior injuries or their effect to the incapacity claimed in this litigation by its two medical witnesses or otherwise than by the mentioned cross-examination.

This undisputed evidence of settlements, etc., was submitted to the jury as being proper for their use and to be applied, if believed, in determining the special issues submitted to them. It placed before the jury the facts that the appellant was experienced in asserting claims for injuries, and the probability that he would magnify or feign their severity and attendant disability, as evidenced by his having secured payments in excess of $10,000 for actual lost time of approximately seven months which was compensable by law at no more than $25 per week. This improper evidence of numerous claims and settlements and the receipt of payments materially in excess of actual lost time could easily be brought to bear and the jury probably did apply it to the questions of disability. The jury probably reflected its prejudicial effect in re-

ducing or denying incapacity in the belief that the defendant had probably exaggerated his disability and had feigned symptoms of injury in the case before them.

The record has been supplemented by permission of this Court and from the whole record it is concluded that the error of the court in overruling appellant's special exception and admitting the evidence discussed in such denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this case.

The judgment of the trial court is reversed and the cause remanded.