CITY OF WICHITA FALLS, Appellant,

v.

Mildred CHANDLER et al., Appellees.

No. 16236.

Court of Civil Appeals of Texas.

Fort Worth.

June 2, 1961.

Rehearing Denied June 30, 1961.

Jones, Parish, Fillmore, Robinson & Lambert, and Harold Jones, Wichita Falls, for appellant.

James W. Jameson, Peery & Wilson and Kearby Peery, Wichita Falls, for appellees.

BOYD, Justice.

Mildred Chandler and husband Lee Chandler recovered judgment against the City of Wichita Falls in the amount of $16,500 for injuries sustained by Mrs. Chandler when an automobile driven by an employee of the City struck the rear of an automobile operated by Mrs. Chandler while her car was stopped at a street intersection. The City appeals.

By its first 11 points of error appellant presents essentially one contention, namely, that it was error to exclude the cross-examination of Mrs. Chandler, and other evidence offered, as to a prior suit and claim of injuries sustained by her as the result of another collision.

On January 9, 1953, appellees filed a suit against one Roy Wales, in which they alleged that on February 2, 1952, Wales propelled his automobile against a car in which Mrs. Chandler was riding, and according to appellees' allegations in the prior suit, as a result of said collision Mrs. Chandler sustained various bruises and internal injuries; she was confined to her home under the care of a physician until April 14, 1952, when she was confined in a hospital and remained there four days; then she was confined to her home under the physician's care until May 29, 1952, when she was again confined in a hospital where she gave birth to a premature child on June 1, 1952; she suffered great physical

pain to her damage in the amount of $5,000; she incurred hospital expenses for herself to the extent of $500; she was unable to perform her usual and necessary household duties and was compelled to employ help at a cost of $950; she suffered great mental anguish to her damage in the amount of $5,000; as a result of the premature birth of the child, it had been under medical care at a cost of $297 and would require medical care in the future in the amount of $500; and her automobile was damaged to the extent of $112.

Before any testimony was offered in the case at bar, appellees moved that the court instruct counsel for appellant not to make any inquiry into any previous suit that had been filed for damages on behalf of Mrs. Chandler, or any claim for damages to her by reason of prior injuries, and "to rule out any evidence of any previous suit for personal injury, or claim for personal injury, for the reason that the same would be highly prejudicial. In this connection the plaintiff says that he has no objection to any interrogation or cross examination as to whether or not the plaintiff was injured before and the nature and extent of her injuries, * * *." The court's ruling was as follows: "I sustain the motion, insofar as it concerns any former suit or claim the plaintiff might have had, but I do not curtail examination on any prior injury she might have had, or the extent of injury, or any cross examination the defense counsel wants to make relative to former or prior injuries."

In the present case it was alleged that Mrs. Chandler sustained a whiplash injury to her neck; she had pain in her head, neck, and arms; she needed ultrasonic treatments daily; she is very nervous and unable to get normal sleep; she has muscle spasms; pain has extended into her left shoulder, with swelling; her left arm has become numb and is getting worse; she has severe headaches; bending and rotation of her neck are limited; there is tenderness over several vertebrae of the neck and at the tip of her left shoulder;

her reflexes are sluggish; there is a loss of feeling in her left arm and that arm has atrophied; involvement of cervical nerve roots has caused dilation of the pupil of the left eye; there is subluxation of the first cervical vertebra; and the ligaments and capsular structures of the cervical spine have been stretched and injured.

Mrs. Chandler testified that as a result of the prior accident she was hospitalized; she called the accident "slight"; "Q. But you were painfully injured in that accident? A. Well, I had just labor pains.

"Q. You suffered great physical pain? A. I had a bruised left knee, and I had a skinned arm out of that, and my stomach hit the steering wheel of the car, which is what caused me to have these threatened labor pains"; the accident caused her to have her child prematurely; she suffered nervousness and mental anguish, and had "a lot of worry"; she complained for "about six months"; "I just was—tried to keep from giving birth to this premature child. That was my trouble"; "If I hadn't been pregnant at that time I don't think there would have been anything much out of it"; she had difficulty getting rest until the child was born and for a while thereafter; "after a year or two it was all forgotten"; after that she was healthy and had no trouble; she did not need a doctor for eight years after the child was born; the first collision was a more damaging blow to the cars involved than was the second one.

Without setting out the evidence as to Mrs. Chandler's injuries as a result of the accident involved in the instant case, we think it showed that the injuries were confined to those alleged in the petition, and was sufficient to justify the award found by the jury. Although appellant had the right to minimize the recovery by any proper means, it is not contended that the verdict was excessive under the evidence admitted.

We have given serious consideration to appellant's contention that it was improper-

ly limited in its cross-examination of Mrs. Chandler, and that the exclusion of the petition and judgment in the former case prevented a legitimate attack on her testimony. It cites and quotes extensively from Fahey v. Clark, 125 Conn. 44, 3 A.2d 313, 120 A.L.R. 517, as authority for its position. But in that case evidence of the petition or claim growing out of prior injuries was not involved. A reversal of a judgment for the plaintiff was ordered because the trial court curtailed evidence as to the prior injuries, as distinguished from prior suits or claims. We do not understand appellant to claim that it was not permitted full latitude in showing Mrs. Chandler's prior injuries, but was not allowed to show the claims made in her petition in that case.

In Brinkley v. Liberty Mutual Ins. Co., Tex.Civ.App., 331 S.W.2d 423, it was held that the statutory exceptions to the res inter alios acta evidence rule, embodied in the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., should not be enlarged to permit pleading and proof of anything in addition to the facts relevant to any previous injury, its effect and its contribution to the claimant's incapacity to work, and that it was error to permit the insurance carrier to plead and prove claims, settlements, and payments resulting from the workman's previous injuries. See, also, Houston & T. C. R. Co. v. Johnson, 103 Tex. 320, 127 S.W. 539; and San Antonio Traction Co. v. Cox, Tex.Civ.App., 184 S.W. 722.

█ Had the petition and judgment in the former case been admitted in evidence, and had there been no limitation of the cross-examination of Mrs. Chandler with reference to her petition and "claim" in the former suit, it would still not be clear how the injuries received in the prior accident, as alleged in the petition in that case, could be related to the injuries for which appellees here sue. We do not think the ruling complained of was calculated to or probably did result in an improper judgment. Rule 434, Texas Rules of Civil Procedure. A different question might be posed had Mrs. Chandler's testimony in the instant suit been contradictory to allegations concerning material matters contained in the pleadings in the prior suit.

█ By another group of points appellant assigns as error the refusal of the court to permit cross-examination of appellees' witness Dr. Ruth Jackson about her testimony in a case then being tried in the same courthouse, wherein she testified that the arm dimension variation of the plaintiff in that case was identical to the arm dimension variation of Mrs. Chandler. The objection to the testimony was that it was immaterial, and would require the witness to disclose something that would be confidential. Appellant argues that the matter was no longer confidential because the physician had already testified as to the condition of her other patient, and that communications between physician and patient are not privileged in Texas. However this may be, we think the evidence was immaterial; but if admissible, we do not think its exclusion was such an error as to require a reversal. Rule 434, T.R.C.P.

Before the argument began, the court sustained appellees' motion to instruct counsel for appellant "not to make any argument about who will pay any verdict in this case, or any argument that this will rest upon the taxpayers and each of the jurors involved, or any argument to the effect that 'you are going to reach into defendant's pocket', or argument of that nature, because it is immaterial to any issue submitted to the jury, as to who will pay the verdict, or as to whether it will ever be paid, and all parties of record know that the defendant was protected by liability insurance, and such an argument would invite a reply to this effect, that they were not concerned with who was to pay it and would, in all likelihood, require the disclosure of liability insurance. For the further reason that, since this suit is against a municipality and being tried in the City of Wichita Falls, each of the jurors here are taxpayers in the city and therefore, any argument intimating,

or even suggesting, who would pay, or matters along that line, would, in effect, ask the jurors to put themselves in the position of defendant in this cause, when in truth and in fact there is no exposure to any payment on the part of the city." Appellant says that such ruling limiting its argument was made on the assumption that there was liability insurance and no inquiry was had as to the extent of insurance, and appellant was denied an opportunity fairly to argue the case.

We perceive no error in this ruling. The jurors had been instructed to answer the issues from the evidence heard in the trial; that they were not to decide who should win and then try to answer the questions accordingly; and that they should not concern themselves about the effect of their answers. Believing that the argument which was excluded would have been improper if made, we think its exclusion was not error. Ex Parte Jones, Tex., 331 S.W. 2d 202.

The judgment is affirmed.