George McCARDELL, Appellant,

v.

HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellee.

No. 6519.

Court of Civil Appeals of Texas.

Beaumont.

April 25, 1962.

Rehearing Denied May 16, 1962.

Jim S. Phelps, Houston, for appellant.

Thomas A. Wheat, Liberty, Chas. M. Haden, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

STEPHENSON, Justice.

On motion for rehearing, our former opinion filed February 15, 1962 is withdrawn and the following substituted therefor.

Appellant brought this suit under the Workmen's Compensation Act seeking an award for total and permanent disability by reason of an injury caused by being kicked by a mule. The jury found appellant totally incapacitated for a period of five weeks, and inasmuch as appellee had paid that amount, judgment was entered by the trial court that appellant take nothing. The jury also found the plaintiff's incapacity was due solely to some other injury or disease or condition of his body, or a combination of these.

Appellant first complains of the trial court's refusal to grant his motion for new trial based upon newly discovered evidence. The testimony as to whether appellant had a ruptured disc and as to whether a myelogram demonstrated a ruptured disc, was sharply conflicting. Four doctors called by appellant testified in their opinion appellant had a ruptured disc, and four doctors called by appellee testified in their opinion he did not. On the hearing of the motion for new trial, one of the same doctors called by appellant testified he performed surgery on appellant's back immediately

after the conclusion of the trial and found a ruptured disc.

■ The rule in reference to this matter is: "Granting or refusing new trial for newly discovered evidence is vested by our law in the sound discretion of the trial court and unless such discretion is abused the appellate court will not revise such act [citation]. The court's discretion in such matters extends to the diligence used to get the testimony before the court at the trial." Hayman v. Dowda, Tex.Civ.App., 233 S.W. 2d 466. We hold the trial court did not abuse his discretion in this case. The reason offered by appellant for not having the operation performed before the trial of this cause, was the suggestion by the attorney for appellant that the charity hospital would not accept appellant as a patient while his suit was pending. The plaintiff was injured July 18, 1957, some three years and nine months before the trial of this cause. These facts do not demonstrate diligence. For us to hold otherwise, would open the door in all similar causes, for a compensation claimant to wait to see if the findings of a jury are adverse and then submitting to an operation in order to procure new evidence for a motion for new trial. If such a procedure receives the approval of the court, a defendant not being satisfied with the findings of a jury, should be permitted to furnish a claimant an operation in order to secure new evidence for a motion for new trial. This would result in an intolerable situation.

■ Paragraph IV of appellee's Second Amended Original Answer was as follows:

"Answering further, if necessary, Defendant says that Plaintiff's disability or incapacity, if any, was caused by some disease, condition of health, some physical defect and/or some injury other than that made the basis of this suit, or some other cause or combination of causes unrelated in whole or in part to the alleged injury or disease alleged herein and made the basis of this suit."

Appellant specially excepted to this pleading because it was too general, and asked that appellee be required to plead specifically. The trial court overruled this special exception. We think this exception should have been sustained. We are well aware of the rule that errors of a trial court in ruling on exceptions to the pleadings may be prejudicial and grounds for reversal where they cause the rendition of an improper judgment and materially affect the rights of the complaining party. A ruling on pleadings is not prejudicial or reversible if the result would have been the same, had the error not been committed. We feel the series of errors made by the trial court began with the overruling of this special exception. If the defendant had been required to properly plead its case, the lines of controversy between the parties would have been clearly drawn, and the trial of the *case greatly simplified*. The evidence which would have been admissible and the special issues to be submitted to the jury would have been made clear to all concerned. A defendant in a compensation case may file a general denial only, and the plaintiff has the burden of proving the accident in question is the producing cause of the plaintiff's incapacity. In such instance the defendant could offer evidence to prove that the plaintiff's incapacity was solely caused by other injuries or other diseases, or a combination of the two, even though no defensive issue could be submitted to the jury. The defendant could choose to plead his affirmative defenses. In such case, a defendant is required to plead its defenses, in the face of a special exception, with the same degree of particularity and certainty as a plaintiff pleading his cause of action. We suggest that if the defendant is seeking to secure the benefit of Vernon's Ann.Civ.St., sec. 12c of Art. 8306 in reference to a prior injury, it should plead specifically the date and the nature of the prior injury, and whether such prior injury or its affect contributed to the present incapacity, or was

the sole cause of such present incapacity. If the defendant is seeking to plead as a defense, that plaintiff's incapacity is solely caused by a different injury, or by a disease, or a combination of the two, then in face of a special exception, the defendant must plead the date and the nature of the injury, or the nature of such disease. Such pleading would serve the purpose of putting the plaintiff on notice as to the particular injury or disease that the defendant intended to rely upon as a defense, and plaintiff would have opportunity to meet these issues during the course of the trial. To argue that a defendant should not be required to plead specifically as to another injury or a disease, because the plaintiff could not be "surprised" as he would already know of the other injury or disease, is no more logical than permitting a defendant in an automobile collision case to argue he should not be required to plead more than general contributory negligence because the plaintiff would already be aware of his failure to stop, or sound his horn or any other specific act or omission on his part.

■ After his exception was overruled, the plaintiff in the case before us then urged a motion-in-limine, to suppress any evidence as to two prior injuries and one subsequent injury, or to any claims, settlement or payment made to plaintiff on account of such injuries for the following reasons: that the previous and subsequent injuries and claims had no bearing upon the case at bar and were completely irrelevant and immaterial; that such other injuries were to other parts of plaintiff's body; that the evidence as to other injuries and claims would be offered in an attempt to prejudice the jury against the plaintiff and induce the jury to believe plaintiff would exaggerate his disability and feign symptoms of injuries; and would violate the rule of law res inter alias acta. The trial court entered an order overruling plaintiff's motion in all things, and granted the defendant the right to introduce evidence as to the three injuries and claims. We think the trial court should have sustained this motion insofar as it related to prior or subsequent claims, settlement or payments, and overruled the motion insofar as it related to other injuries and the effect they might have upon the plaintiff's present incapacity. Brinkley v. Liberty Mutual Ins. Co., Tex.Civ.App., 331 S.W.2d 423; City of Wichita Falls v. Chandler, Tex.Civ.App., 348 S.W.2d 48.

■ The trial court admitted in evidence, over the objections made by plaintiff's attorney, petitions filed by this plaintiff in three separate and different cases, affidavits, notices of injury and claims for compensation filed in different cases with the Industrial Accident Board. The overruling of each of these objections constituted error. There is a rule in this state that pleadings in other actions which contain statements inconsistent with a party's present position are receivable as admissions. This rule is stated in Vol. 2 of McCormick and Ray on Evidence at page 35 and cases are cited. However, none of these cited are compensation cases, and in each instance there was a direct change of position. In the instant case there is nothing inconsistent with a previous claim for total and permanent incapacity, and with a present different claim for total and permanent incapacity. The courts of this state have held that the fact a claimant has recovered an award for total and permanent incapacity does not preclude a recovery for total and permanent incapacity in a subsequent claim and suit. See Traders & General Ins. Co. v. Blancett, Tex.Civ.App., 86 S.W.2d 420. Writ dismissed. The defendant was permitted under the rules of evidence to prove this plaintiff had received prior injuries and whether such prior injuries were the sole cause of plaintiff's incapacity, or contributed to his present incapacity under Art. 8306, sec. 12c, but the admissibility of this evidence does not include proof of a prior claim through the pleading, notice of injury or claim for compensation. We believe the danger of admission in evidence of prior claims, settlement and payments prejudicing the claim

of a litigant outweighs the probative value of such evidence. From a study of the entire statement of facts, we conclude that the defendant did not introduce its evidence as to prior claims and injuries for the purpose of taking advantage of the benefits of Art. 8306, sec. 12c. The defendant offered no medical testimony attempting to show any connection between the prior injuries and the plaintiff's present condition. In fact, one of the medical witnesses called by defendant testified the two prior injuries did not contribute to the plaintiff's present condition. From a careful reading of the medical testimony in this case, it is obvious that the defendant's theory is that the plaintiff is suffering no disability, rather than that plaintiff's present incapacity was solely caused by, or contributed to by prior or subsequent injuries. No issues were submitted to the jury under Art. 8306, sec. 12c inquiring whether a prior injury contributed to the plaintiff's present incapacity and the extent of such contribution. We conclude that this evidence was offered solely for the purpose of showing that this plaintiff had made other claims for compensation, and filed other compensation suits.

We hold the error of the trial court in admitting evidence as to the prior and subsequent claims and suits was not invited, and not waived by the attorney for plaintiff asking the plaintiff about a prior back injury and settlement of the claim, because the trial court had already denied the plaintiff's motion-in-limine to suppress any testimony in reference to this prior claim and settlement, and had indicated by his action that this evidence would be admissible. It is a matter of common knowledge that if evidence of a prior claim and settlement is to be injected into a trial, it is better from a party's standpoint that the information came out on direct examination rather than cross-examination.

In view of the jury's answer to the issues, that is, the finding that the total incapacity for a period of five weeks, and the finding of the incapacity being solely caused by prior injury, disease, or a combination, demonstrates to this court that the jury was impressed by the testimony; thus causing the errors of the trial court to be harmful.

As this case is being reversed and remanded for another trial, we do not find it necessary to pass upon the other questions raised by the appellant.

The judgment of the trial court is reversed and the cause is remanded for trial.

HIGHTOWER, Chief Justice (dissenting).

I cannot agree with the result of the conclusions reached by the majority.

Appellant's motion to suppress was a blanket motion. In a general fashion it commingled matters admissible in a case of this nature, such as prior injuries, with objectionable matters such as prior claims and settlements, and requested the court to exclude them en bloc'. I am of the opinion that the same rule governs in this situation as that applied where a general objection is made to evidence, part of which is admissible and part of which is not. In such instance the objection is properly overruled. 41-B Tex.Jur. (Rev.), p. 172, sec. 146. Moreover, I do not believe that the appellant was justified in the circumstances in assuming that the court, after overruling such motion, would of a certainty permit the introduction of those matters which might be improper. As in the ruling on special exceptions, a trial judge may and often does change his ruling in the progress of the trial. Notwithstanding these elementary rules, the appellant in the earlier stages of the trial was the first to inject evidence of prior claims and settlements, to which he was a party. He did this deliberately on direct examination, over appellee's objections, by stating that he had settled a prior suit for injuries to his back for $750, thus waiving objection to, and inviting proof of other

claims and settlements he had made. City of Gladewater v. Dillard, Tex.Civ.App., 312 S.W.2d 530, and authorities cited. The facts in the Brinkley case, cited in the majority opinion, are so unrelated to those in the present case as to merit no discussion.

I feel that if, indeed, there were other errors committed by the trial court they were not such as were calculated to cause the rendition of an improper judgment. Being of the further opinion that there exists no irreconcilable conflict in the jury's answers to the issues submitted, I would affirm the judgment of the trial court.